In re A.H. ROBINS COMPANY,
INCORPORATED, Debtor.

Employer's Tax Identification
No. 54–0486348.

DALKON SHIELD CLAIMANTS
TRUST, Movant,

v.

Roseanna GAITHER, Respondent.

No. 85–01307–R.

United States District Court,
E.D. Virginia,
Richmond Division.

June 24, 1997.

Orran Lee Brown, Richmond, VA, for Dalkon Shield Claimants Trust.

Kenneth Ingram, Jr., Morris, Haynes, Ingram & Hornsby, Alexander City, AL, for Roseanna Gaither.

## MEMORANDUM

RICHARD L. WILLIAMS, District Judge. *

This matter is before the Court on the Motion of the Dalkon Shield Claimants Trust (the "Trust") To Vacate Arbitration Decision. The Trust's Motion asks the Court to vacate the arbitration award rendered on August 13, 1996 by arbitrator Samuel N. Crosby ("Arbitrator Crosby") on the Dalkon Shield personal injury claim of Roseanna Gaither ("Gaither"). The Trust seeks to have the matter remanded to the arbitrator with the direction that he rule on the Trust's statute of limitations defense to Gaither's claim. For the reasons that follow, the Court will grant the Trust's Motion.

## I.

Gaither is a Dalkon Shield claimant who elected to resolve her claim under Option 3 of the Claims Resolution Facility ("CRF"). Gaither rejected the Trust's offers of compensation to her and chose arbitration under § E.5(b) of the CRF. In electing arbitration, Gaither and a Trust representative signed an Arbitration Election and Agreement which provided in pertinent part:

I understand that the arbitration of my claim shall be conducted as provided in the First Amended Rules Governing Arbitration ("the Rules"), which are incorporated

into this Agreement and which I have read, understand and shall follow.

Trust Ex. A at 1.

Rule 40 of the First Amended Rules Governing Arbitration (the "Arbitration Rules") contains a statute of limitations which governs arbitration. Arbitration Rule 40 provides, in relevant part:

(a) Every Dalkon Shield claim that proceeds to arbitration, whatever the theory of recovery, shall be brought within three years from the date the cause of action accrues.

Arbitration Rule 40(a).

Gaither's arbitration case was tried in Mobile, Alabama on July 17–18, 1996. At the hearing, Gaither testified that she was aware of her injuries of cramping, bleeding, and spotting and believed that they had been caused by the Dalkon Shield when she asked her doctor to remove it in September 1973. Gaither was asked a series of questions at the hearing about her knowledge of the cause of problems she had with the Dalkon Shield:

Q. Okay. Now these three things, the cramping, the heavy bleeding and the spotting, you believed at the time were caused by the Dalkon Shield?

A. Yes, I did.

Q. And it was because you believed the cramping, heavy bleeding and the spotting were caused by the Dalkon Shield that you asked Dr. Campbell to take the Dalkon Shield out in September of '73?

A. Yes.

Trust Ex. B. at 6–7.

Gaither did not bring her Dalkon Shield Claim until she presented a claim in the Robins bankruptcy case on January 11, 1986. Trust Ex. D.

In his closing argument at Gaither's arbitration, Trust counsel argued that Gaither's claim was barred by the three-year statute of limitations applicable to arbitration claims under Arbitration Rule 40(a). The Trust contended that Gaither had discovered her

---

* Pursuant to Federal Rule of Civil Procedure 63 and Bankruptcy Rule 9028, this matter is before The Honorable Richard L. Williams. The Court certifies that the regularly presiding judge is un- able to proceed, that the Court is familiar with the record and that proceedings in this matter may be completed without prejudice to the parties.

injury and felt that it had been caused by the Dalkon Shield in 1973, yet had filed no claim until 1986. Trust Ex. B at 11–14.

On August 13, 1996, Arbitrator Crosby rendered an arbitration award in favor of Gaither and awarded her $33,000 for bleeding, cramping, painful sexual intercourse, spotting and a tender uterus during the period in which she used the Dalkon Shield. Trust Ex. C. As for the Trust's statute of limitations defense, Arbitrator Crosby stated:

> The issue of claimant's claim for injuries arising out of her use of the Dalkon Shield being barred by the applicable period of limitations were [sic] not raised until after the conclusion of the evidence at the hearing.

*Id.*

On August 23, 1996, counsel for the Trust wrote to Arbitrator Crosby, asking that he amend his arbitration decision to explain his ruling on the limitations defense. Trust Ex. E. Arbitrator Crosby responded by a facsimile dated September 3, 1996, but did not supplement his decision:

> It is my understanding that Rule 44 of the First Amended Rules governing arbitration provides the correct method for vacating, modifying, or correcting a decision. Therefore, I have no plan to change the decision.

Trust Ex. F.

On September 12, 1996, the Trust filed its Motion To Vacate. In its Motion, the Trust contends that Arbitrator Crosby did not determine the limitations issue fully, provide an opinion explaining his ruling on the issue, or furnish findings of fact and conclusions of law on the issue. The Trust urges that his reference to the issue left his ruling uncertain. The Trust concludes that Crosby did not make a final, definite, and unambiguous decision on Gaither's claim and that his decision must be vacated under Arbitration Rule 44(a)(4). Gaither has filed no response to the Trust's Motion.

## II.

In order to vacate an arbitrator's decision on a Dalkon Shield Claim, the Court must find at least one of the four grounds identified in Rule 44(a) of the Arbitration Rules:

1. The award was procured by corruption, fraud or undue means.
2. The arbitrator was biased or corrupt.
3. The arbitrator was guilty of abuse of discretion in refusing to postpone the hearing, refusing to admit competent and relevant evidence, or engaging in misconduct that prejudiced the moving party.
4. The arbitrator exceeded his or her powers, or so exercised them such that he or she failed to make a final, definite, and unambiguous award.

Arbitration Rule 44(a).[1]

This Court reviewed the grounds for judicial review of an arbitrator's decision in its opinions in *In re A.H. Robins Co. (Germany v. Dalkon Shield Claimants Trust)*, 197 B.R. 525 (Bankr.E.D.Va.1995), and *In re A.H. Robins Co. (O'Connor v. Dalkon Shield Claimants Trust)*, 158 B.R. 640 (Bankr.E.D.Va.1993). An arbitrator's decision receives substantial deference on review, and may only be vacated for the grounds stated in the Arbitration Rules, § 10 of the Federal Arbitration Act, or where the arbitrator acted in manifest disregard of the law. *O'Connor*, 158 B.R. 640. This Court will not overturn an arbitration decision merely because the Court would have reached a different conclusion if presented with the same facts. *Germany*, 197 B.R. at 527. Instead, the Court's role is limited to determining whether the arbitration process was itself flawed. *Id.* at 528.

## III.

Arbitration Rule 43 required Arbitrator Crosby to include in his decision a summary of the issues, the relief requested, a statement of the issues decided, and an opinion explaining the decision, with findings of fact and conclusions of law. Arbitration Rule

---

**1.** According to Arbitration Rule 44(d), these grounds are to be interpreted consistently with the identical provisions of § 10 of the Federal Arbitration Act, 9 U.S.C. § 10.

43(d). The Rule also required that his decision "determine fully the issues to be decided pursuant to the Arbitration Agreement." *Id.*

After eliciting Gaither's testimony that she learned of her Dalkon Shield related injuries in 1973, the Trust in its closing argument asked Arbitrator Crosby to deny Gaither's claim on the basis of the three-year statute of limitations in Arbitration Rule 40. In his written decision, Arbitrator Crosby failed to fully address the limitations issue. He offered no findings of fact or conclusions of law on the limitations issue. Indeed, he neither sustained nor overruled the Trust's defense. Arbitrator Crosby only observed that the limitations question had not been "raised until after the conclusion of the evidence at the hearing." In doing so, Arbitrator Crosby failed to comply with Arbitration Rule 43(d) which required him to "determine fully the issues to be decided."

■ The Court agrees with the Trust's impression that Arbitrator Crosby's statement suggested he saw some relevance in the fact that the statute of limitations defense had not been raised by the Trust until after the close of the evidence. However, neither Arbitration Rule 40, nor any other Arbitration Rule, requires that the limitations defense be raised at any particular time.[2] Accordingly, the fact that the Trust raised its limitations defense in closing argument could not be a valid reason to reject it under the Rules. Arbitrator Crosby's reference to when the Trust raised the defense only adds to the confusion evident in his decision.

Arbitration Rule 44(a)(4) permits the Court to vacate an arbitrator's award where the arbitrator has "failed to make a final, definite, and unambiguous decision." The Court finds that Arbitrator Crosby failed to issue a final and definite decision on the Trust's statute of limitations defense. Accordingly, under Arbitration Rule 44(a)(4), his award of $33,000 to Gaither must be vacated for the sole purpose of remanding

the case to him to rule on the Trust's limitations defense. The Trust's Motion To Vacate will be granted on this ground.

An appropriate Order shall enter.

## ORDER

This matter is before the Court on the Motion of the Dalkon Shield Claimants Trust To Vacate Arbitration Decision. (Docket No. 29525). Upon due consideration, for the reasons stated in the Memorandum this day filed, and deeming it just and proper so to do, it is ADJUDGED and ORDERED that the Trust's Motion be, and the same is, hereby GRANTED; and that the August 13, 1996 award by arbitrator Samuel N. Crosby in favor of Dalkon Shield Claimant Roseanna Gaither be, and the same is, hereby VACATED.

In light of the Court's ruling, it is FURTHER ORDERED as follows:

(1) the Private Adjudication Center is directed to forward forthwith to Arbitrator Crosby a copy of this Order and the Court's Memorandum, with the direction that Arbitrator Crosby specifically rule on the statute of limitations defense raised by the Trust under Arbitration Rule 40; that he sustain the defense of overrule it; and that he state written findings of fact and conclusions of law in his ruling on the defense. Arbitrator Crosby shall send such written decision to the parties and to the Private Adjudication Center within fifteen days after his receipt of this Order and Memorandum from the Private Adjudication Center. His decision shall be made on the basis of the present record of the arbitration hearing before him on this issue, as well as the law embodied in the Arbitration Rules.

(2) No aspect of Arbitrator Crosby's decision other than the statute of limitations defense may be reconsidered or altered by Arbitrator Crosby.

---

**2.** This, of course, stands in stark contrast to the Federal Rules of Civil Procedure which require that affirmative defenses such as the statute of limitations be affirmatively plead in a party's answer. *See* Fed.R.Civ.P. 8(c). Unlike traditional litigation, however, arbitration does not provide for the filing of a formal complaint or answer. While the Trust could have raised the limitations issue in its Pre–Hearing Brief or through a motion for summary judgment, the Arbitration Rules did not require it to do so.

(3) The time for the parties to file any motion under Arbitration Rule 44 as to Arbitrator Crosby's ruling on the statute of limitations defense shall begin to run from the date of service of that ruling.

Let the Clerk send a copy of this Order and the accompanying Memorandum to counsel for Respondent Roseanna Gaither, Kenneth Ingram, Jr., Morris, Haynes, Ingram, & Hornsby, 131 Main Street, Post Office Box 1660, Alexander City, Alabama 35011–1660; counsel for the Dalkon Shield Claimants Trust, Orran Brown, Post Office Box 1314, Richmond, Virginia 23218–1314; and the Neutral Third Party for arbitration, René Stemple Ellis, Esq., The Private Adjudication Center, North Carolina Bar Center, 8000 Weston Parkway, Suite 330, Cary, North Carolina 27513.