468

In re A.H. ROBINS COMPANY,
INCORPORATED, Debtor.

Employer's Tax Identification
No. 54–0486348.

Eileen MacLEOD, Movant,

v.

DALKON SHIELD CLAIMANTS
TRUST, Respondent.

No. 85–01307–R.

United States District Court,
E.D. Virginia,
Richmond Division.

Sept. 12, 1997.

Orran Lee Brown, Richmond, VA, for Dalkon Shield Claimants Trust.

James F. Szaller, Brown & Szaller Co., L.P.A., Cleveland, OH, for Eileen MacLeod.

## MEMORANDUM

MERHIGE, Senior District Judge.

This matter is before the Court on Breland Claimant Eileen MacLeod's ("MacLeod") Motion To Vacate Arbitrator's Decision and Motion To Interpret Rules. MacLeod seeks an Order of this Court (1) vacating the decision of Arbitrator James R. Miller, Jr., dismissing her claim, and (2) interpreting the First Amended Rules Governing Arbitration. The Breland Insurance Trust (the "Breland Trust") opposes MacLeod's motion. On September 3, 1997, the Court took evidence and heard argument on the motion and the matter was taken under advisement. For the reasons which follow, the Court will DENY MacLeod's motion.

### I.

MacLeod is a Breland Trust claimant who alleges that she suffered injuries as a result of her use of the Dalkon Shield IUD. MacLeod had a Dalkon Shield inserted on August 4, 1972. Shortly thereafter, she began experiencing pain and vaginal bleeding, but did not have the Dalkon Shield removed. In 1973, allegedly while the Dalkon Shield was still in place, MacLeod became pregnant and gave birth to a child with severe and permanent congenital birth defects.

Despite the unplanned pregnancy, MacLeod did not file a Dalkon Shield claim until the A.H. Robins Company entered into bankruptcy proceedings in 1986. This Court subsequently disallowed that claim, however, because MacLeod had failed to return the required Court-ordered Questionnaires. MacLeod then joined in the Breland class action settlement. After rejecting the Breland Trust's settlement offer, MacLeod elected to resolve her claim through binding arbitration. Breland Trust Ex. A. In her arbitration case, MacLeod asserted that her sole theory of recovery rested on a fraud claim—namely that A.H. Robins had misrepresented the efficacy rate of the Dalkon Shield and that she had detrimentally relied on this alleged false representation in choosing the Dalkon Shield as her contraceptive.

On February 12, 1997, the Breland Trust filed a Motion For Summary Judgment with Arbitrator James R. Miller, Jr. ("Judge Miller"), retired United States District Judge. Concluding that MacLeod's claim was barred by the three-year statute of limitations period provided in Rule 40 of the Arbitration Rules, Judge Miller granted the Breland Trust's motion on April 15, 1997. MacLeod Ex. 1. On May 15, 1997, MacLeod filed the present motion seeking relief from Judge Miller's decision.

MacLeod's motion alleges three separate grounds to set aside the arbitrator's decision. First, MacLeod contends that Judge Miller exceeded his authority and usurped this Court's exclusive jurisdiction by interpreting the statute of limitations provision in Arbitration Rule 40. Second, MacLeod argues that Judge Miller disregarded the plain provisions of Arbitration Rule 40 by mistakenly applying the three-year limitations period to her fraud claim. Third, MacLeod asserts that she is entitled to relief from Judge Miller's decision under Rule 60(b)(6) of the Federal Rules of Civil Procedure and Bankruptcy Rule 9024 because of the "extraordinary circumstances" of her case or, in the alternative, "to accomplish justice." Finally, MacLeod moves the Court to interpret the three-year statute of limitations provision in Arbitration Rule 40 as not applying to a fraud cause of action. The Breland Trust

opposes MacLeod's motion, and argues that none of her assertions rises to the level required to vacate an arbitration decision.

## II.

■ In order to vacate an arbitrator's decision on a Dalkon Shield claim, the Court must find at least one of the four grounds identified in Rule 44(a) of the Arbitration Rules:

1. The award was procured by corruption, fraud or undue means.

2. The arbitrator was biased or corrupt.

3. The arbitrator was guilty of abuse of discretion in refusing to postpone the hearing, refusing to admit competent and relevant evidence, or engaging in misconduct that prejudiced the moving party.

4. The arbitrator exceeded his or her powers, or so exercised them such that he or she failed to make a final, definite, and unambiguous award.

Arbitration Rule 44(a).[1] Throughout these bankruptcy proceedings, this Court has emphasized that a Dalkon Shield arbitrator's decision will receive substantial deference on review. *E.g. In re A.H. Robins Co. (Germany v. Dalkon Shield Claimants Trust)*, 197 B.R. 525, 527 (E.D.Va.1995). This is because an overly expansive review of arbitration decisions would undermine the efficiencies which arbitration seeks to achieve. *Id.* at 528 n. 2. Recently, in *In re A.H. Robins Co. (Dalkon Shield Claimants Trust v. Gaither)*, 210 B.R. 527 (E.D.Va.1997), this Court reiterated the standard under which it reviews the decision of an arbitrator. The Court stated:

> An arbitrator's decision receives substantial deference on review, and may only be vacated for the grounds stated in the Arbitration Rules, § 10 of the Federal Arbitration act, or where the arbitrator acted in manifest disregard of the law. This Court will not overturn an arbitration decision merely because the Court would . have reached a different conclusion if presented with the same facts. Instead, the Court's

role is limited to determining whether the arbitration process was itself flawed.

*Id.* at 529 (citing *Germany,* 197 B.R. at 527–28, and *In re A.H. Robins Co. (O'Connor v. Dalkon Shield Claimants Trust),* 158 B.R. 640 (Bkrtcy.E.D.Va.1993)).

## III.

MacLeod seeks relief under subsection (4) of Arbitration Rule 44(a). In addition, MacLeod moves the Court for an interpretation of the statute of limitations provision in Arbitration Rule 40. The Court will address each request separately.

### A. *Motion To Vacate Arbitrator's Judgment*

■ The gravamen of MacLeod's motion is that Judge Miller exceeded his authority by impermissibly interpreting or, in the alternative, ignoring the plain language of Arbitration Rule 40 by applying to her fraud cause of action. As a general rule, arbitrators do not have the authority to interpret the A.H. Robins' Plan of Reorganization and its related documents; that power is reserved exclusively for this Court. An arbitrator does, however, have the authority to "read[ ], understand[ ], apply[ ], or assess[ ] the local effect of *the plain, ordinary meaning of language." In re A.H. Robins Co. (Besag v. Dalkon Shield Claimants Trust),* 197 B.R. 590, 595 (E.D.Va.1994) (emphasis added). Thus, an arbitrator usurps this Court's exclusive interpretative authority only if he or she "ascrib[es] any meaning to the Plan, CRF, or related instruments that is *neither plain on the face of the words nor pronounced by this Court." Id.* (emphasis added).

■ Applying these principles to the instant case, the Court finds that Judge Miller neither impermissibly interpreted the statute of limitations provision nor did he act in manifest disregard of the Arbitration Rules. The plain, ordinary meaning of the language of Arbitration Rule 40[2] is clear: the three

---

**1.** Pursuant to Arbitration Rule 44(d), these grounds are to be interpreted consistently with the identical provisions of § 10 of the Federal Arbitration Act, 9 U.S.C. § 10.

**2.** The full text of Arbitration Rule 40 is as follows:

(a) Every Dalkon Shield claim that proceeds to arbitration, whatever the theory of recov-

year statue of limitations period applies to *all* causes of action irrespective of label and begins to run when the claimant discovers some form of injury. Thus, Judge Miller did not deviate from the plain meaning of such language when he read the phrase "whatever the theory of recovery" to mean that "Arbitration Rule 40 . . . establishes for the purposes of these arbitrations an unqualified rule, applicable to any cause of action, including fraud. . . ." Arb. Decision at 3–4. Similarly, Judge Miller did not exceed his authority by "reading, understanding, applying, or assessing the local effect" of the word "injury" to mean "physical or mental hurt." *Besag*, 197 B.R. at 595; Arb. Decision at 3.

■ Although MacLeod argues that her particular "injury" was the discovery that A.H. Robins had understated the efficacy rate of the Dalkon Shield, the Court finds that this argument is nothing more than a creative attempt to circumvent the statute of limitations bar. MacLeod may disagree with Judge Miller's reading of Arbitration Rule 40, but she has failed to show that Judge Miller ascribed any meaning to the language that was not plain on the face of the words or contrary to pronouncements of this Court. Likewise, MacLeod has failed to demonstrate that Judge Miller correctly understood and stated Arbitration Rule 40, but chose to ignore the plain meaning of its provisions and rule otherwise in manifest disregard of the law. Without either showing, the Court finds no basis for vacating his decision. As this Court has stated:

> An arbitration decision is enforceable even when based on misinterpretation of the law, faulty legal reasoning, or erroneous legal conclusions, and may be reversed only when the arbitrator correctly under-

stands and states the law but proceeds to disregard it.

*In re A.H. Robins Co. (O'Connor v. Dalkon Shield Claimants Trust)*, 158 B.R. 640 (Bkrtcy.E.D.Va.1993). Accordingly, the Court finds that MacLeod is not entitled to have the arbitrator's decision set aside under Arbitration Rule 44(a)(4).

■ With respect to MacLeod's argument that she is entitled to relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure,[3] the Court also finds that such relief is not available to MacLeod. In electing to arbitrate her claim, MacLeod and her respective counsel signed an Arbitration Agreement in which she agreed to abide by the Arbitration Rules. Specifically, MacLeod agreed that the decision of the arbitrator would be final and binding, "except as otherwise provided in the Rules." Breland Trust Ex. A. The Arbitration Rules attached to and incorporated into the signed agreement provided for a single method of seeking relief from an arbitration decision—filing a Motion To Vacate with this Court. No other methods of relief are provided for in the Arbitration Rules, including a Fed. R. Civ. P. 60(b)(6) motion. Because MacLeod knowingly and voluntarily agreed to follow the Arbitration Rules, this Court will not add another avenue of relief that was not contractually agreed upon at the time of the election. Accordingly, the Court finds that MacLeod is not entitled to Fed.R.Civ.P. 60(b)(6) relief.

### B. *Motion To Interpret Rules*

■ Given the Court's previous determination that Judge Miller did not impermissibly interpret Arbitration Rule 40, the Court does not see the need to go beyond the plain meaning of the words. Accordingly, the Court declines to adopt MacLeod's creative

---

ery, shall be brought within three years from the date the cause of action accrues.

(b) A cause of action accrues and the limitation period begins to run when the claimant discovers or reasonably should have discovered her injury and that her injury may have been caused by the Dalkon Shield. The plaintiff has an affirmative duty to make reasonably prudent inquiry into the cause or causes of any injury which he or she has incurred and he or she is charged with knowledge of what any

reasonably prudent inquiry would have disclosed

(c) A claimant is deemed to have discovered his or her injury when he or she has discovered some form of injury, not the fullest manifestation thereof or the permanency thereof.

Arbitration Rule 40.

3. Fed.R.Civ.P. 60(b) is made applicable to contested matters in bankruptcy proceedings by Bankruptcy Rule 9024.

reading of Arbitration Rule 40. In arbitration, the three year statute of limitations provision applies to *all* causes of action and begins to run when the claimant discovers or reasonably should have discovered some form of physical or mental injury for which damages are sought.

## IV.

MacLeod has failed to demonstrate that the arbitrator exceeded his powers or usurped this Court's exclusive jurisdiction. Accordingly, the Court finds that MacLeod is not entitled to relief under Arbitration Rule 44(a)(4). In addition, the Court finds that MacLeod is limited to the relief provided for by Arbitration Rule 44. The decision of Arbitrator Miller will not be disturbed. MacLeod's motion will be DENIED and her claim against the Breland Trust shall be deemed closed.