In re A.H. ROBINS COMPANY,
INCORPORATED, Debtor.

Employer's Tax Identification
No. 54–0486348.

Lenore WIDMARK, Movant,

v.

DALKON SHIELD CLAIMANTS
TRUST, Respondent.

No. 85–01307–R.

United States District Court,
E.D. Virginia,
Richmond Division.

March 6, 1998.

Howard Eison, Mineola, NY, for Movant.

Orran Lee Brown, Richmond, VA, for Respondent.

## MEMORANDUM

MERHIGE, District Judge.

This matter is before the Court on Dalkon Shield Claimant Lenore Widmark's ("Ms. Widmark") Motion To Vacate Arbitration Decision. The Dalkon Shield Claimants Trust (the "Trust") opposes Ms. Widmark's motion. On October 15, 1997, the Court took evidence and heard argument on the motion and the matter was taken under advisement. For the reasons which follow, the Court will DENY Ms. Widmark's motion.

### I.

Ms. Widmark is a Dalkon Shield claimant who alleges that she suffered injuries as a result of her use of the Dalkon Shield IUD. Proceeding under Option 3 of the CRF, Ms. Widmark rejected the Trust's initial settlement offer and elected to resolve her claim through binding arbitration. On May 19–20, 1997, her arbitration hearing was held in New York, New York before Arbitrator Carol B. Liebman. In presenting her case, Ms. Widmark offered the testimony Dr. Herbert Neuwalder, an obstetrician/gynecologist from Tenafly, New Jersey. As part of its defense,

the Trust put on the testimony of Dr. Richard Jones, a specialist in obstetrics and gynecology from Hartford, Connecticut. In addition to the testimony of these expert witnesses, Arbitrator Liebman was also given copies of Ms. Widmark's medical records from April 1969 through 1996.

On June 9, 1997, Arbitrator Liebman issued her decision denying compensation to Ms. Widmark. After carefully reviewing the evidence and arguments submitted by both parties, Arbitrator Liebman found that Ms. Widmark had failed to sustain her burden of proving by a preponderance of the evidence that her 1983 episode of pelvic inflammatory disease ("PID") and the damage to her reproductive system were caused by her use of the Dalkon Shield, "especially in light of her nine years of problem free use of the Dalkon Shield and other possible explanations for her injuries." Arbitration Decision at 4.

Ms. Widmark subsequently filed the present motion with this Court. In her motion, Ms. Widmark alleges that she was denied a fair arbitration hearing because: (1) Arbitrator Liebman abused her discretion by improperly considering evidence on product defect—specifically, by allowing the Trust's expert to testify that the Dalkon Shield did not increase the risk of PID; and (2) Arbitrator Liebman exceeded her powers by finding that there were "other possible explanations" for Ms. Widmark's PID despite an alleged lack of evidence in the medical record to support this finding. Based on the foregoing, Ms. Widmark has moved the Court to order a new arbitration hearing.

### II.

In order to vacate an arbitrator's decision on a Dalkon Shield claim, the Court must find at least one of the four grounds identified in Rule 44(a) of the Arbitration Rules:

1. The award was procured by corruption, fraud or undue means.

2. The arbitrator was biased or corrupt.

3. The arbitrator was guilty of abuse of discretion in refusing to postpone the hearing, refusing to admit competent and relevant evidence, or engaging in

misconduct that prejudiced the moving party.

4. The arbitrator exceeded his or her powers, or so exercised them such that he or she failed to make a final, definite, and unambiguous award.

Arbitration Rule 44(a).[1] Throughout these bankruptcy proceedings, this Court has emphasized that a Dalkon Shield arbitrator's decision will receive substantial deference on review. *E.g. In re A.H. Robins Co. (Germany v. Dalkon Shield Claimants Trust)*, 197 B.R. 525, 527 (E.D.Va.1995). This is because an overly expansive review of arbitration decisions would undermine the efficiencies which arbitration seeks to achieve. *Id.* at 528 n. 2. Recently, in *In re A.H. Robins Co. (Dalkon Shield Claimants Trust v. Gaither)*, 210 B.R. 527 (E.D.Va.1997), this Court reiterated the standard under which it reviews the decision of an arbitrator. The Court stated:

> An arbitrator's decision receives substantial deference on review, and may only be vacated for the grounds stated in the Arbitration Rules, § 10 of the Federal Arbitration act, or where the arbitrator acted in manifest disregard of the law. This Court will not overturn an arbitration decision merely because the Court would have reached a different conclusion if presented with the same facts. Instead, the Court's role is limited to determining whether the arbitration process was itself flawed.

*Id.* at 529 (citing *Germany*, 197 B.R. at 527–28, and *In re A.H. Robins Co. (O'Connor v. Dalkon Shield Claimants Trust)*, 158 B.R. 640 (E.D.Va.1993)).

### III.

Although it is unclear which subsection of Arbitration Rule 44(a) is intended to apply, the Court will assume that Ms. Widmark's arguments are brought pursuant to subsection (4). Thus, in order to vacate Ms. Widmark's arbitration decision, the Court must find that Arbitrator Liebman exceeded her powers. For the reasons which follow, the Court does not so find.

### A. *Considering Evidence on Product Defect*

■ Several provisions of the Arbitration Rules prohibit the introduction of evidence on the issue of whether or not the Dalkon Shield IUD was a legally defective product. In *In re A.H. Robins Co. (Dalkon Shield Claimants Trust v. Finkel)*, 197 B.R. 513 (E.D.Va.1994), however, this Court held that the prohibition against contesting product defect did not extend to the issue of causation:

> It is elementary that product defect and causation are distinct. The most effective and dangerous product imaginable is not necessarily the cause of a particular harm to a particular user. The Trust may challenge causation in any arbitration unless it waives the right to do so.

*Id.* at 516; *see also* Arbitration Rule 37 (excluding the product defect issue from arbitration shall not be construed as precluding the Trust from contesting causation). Thus, both parties are allowed to submit evidence in support of their respective positions on causation—for example, whether or not there was a higher incidence of PID among Dalkon Shield IUD users.

A review of the record reveals that that is exactly what the Trust did at Ms. Widmark's arbitration proceeding. Faced with the testimony of Ms. Widmark's expert witness who testified that the Dalkon Shield IUD increased the risk of PID, the Trust presented evidence to rebut that contention. Although Ms. Widmark contends that such evidence went to "the defectiveness of the product," the Court disagrees. Rather, the Court finds that Arbitrator Liebman properly considered the evidence not in the context of product defect, but as part of the determination of whether Ms. Widmark had met her burden of proof with respect to causation. Thus, there being no evidence that Arbitrator Liebman exceeded her powers, the Court finds that Ms. Widmark's arbitration decision cannot be reversed on this ground.

1. Pursuant to Arbitration Rule 44(d), these grounds are to be interpreted consistently with the identical provisions of § 10 of the Federal Arbitration Act, 9 U.S.C. § 10.

**108**

### B. *Finding "Other Possible Explanations" for PID*

 Arbitration Rule 35(a) clearly states that a Dalkon Shield claimant bears the burden of proving by a preponderance of the evidence that she used the Dalkon Shield IUD, was injured, and that the Dalkon Shield "was the cause in fact and the proximate cause of her injury." Ms. Widmark contends, however, that "[the Trust], to meet its burden of proof, was required to show affirmatively that Ms. Widmark had chlamydia and that this disease caused her PID ..." and that "the burden is shifted to the Trust to show by competent evidence another cause of Ms. Widmark's PID." Mot. at 9, 13. Ms. Widmark is mistaken.

 After reviewing the record, the Court further concludes that Arbitrator Liebman did not exceed her powers by concluding that there were "other possible explanations" for Ms. Widmark's injuries. A careful reading of Arbitrator Liebman's decision reveals that this was not the only basis upon which she based her decision. In fact, Arbitrator Liebman also found that Ms. Widmark's problem free use of the Dalkon Shield IUD for nine years weighed against any finding of a causal connection between the Dalkon Shield IUD and Ms. Widmark's PID. Thus, Arbitrator Liebman acted within her powers when she found that "[t]he evidence which Ms. Widmark presented ... is not sufficient to show by a preponderance of the evidence that her injuries were caused by her Dalkon Shield use." Arbitrator Decision at 4. Having so found, the Court declines to revisit and essentially conduct another hearing on Ms. Widmark's claim. *See, e.g., In re A.H. Robins Co. (O'Connor v. Dalkon Shield Claimants Trust),* 158 B.R. 640, 643 (E.D.Va. 1993) (holding that "[w]hether the evidence offered is sufficient to carry the proponent's burden of proof is for the finder of fact"); *Germany,* 197 B.R. at 529 (stating that "disagreement with an arbitrator's factual findings does not constitute adequate grounds for vacating his decision") (citation omitted). As this Court has previously held, "Movant's discontent with the result of the arbitration proceedings simply is not the appropriate focus of this Court[.]" *Germany,* 197 B.R. at

530. Accordingly, the Court declines to grant Ms. Widmark a "second bite at the apple".

### IV.

Ms. Widmark has failed to demonstrate that Arbitrator Liebman exceeded her powers. Accordingly, the Court finds that she is not entitled to relief under subsection (4) of Arbitration Rule 44(a). The decision of Arbitrator Liebman will not be disturbed. Ms. Widmark's motion will be DENIED and her claim against the Trust shall be deemed closed.