**In re A.H. ROBINS COMPANY, INCORPORATED, Debtor.**

**Employer's Tax Identification No. 54–0486348.**

**Jane CAMPBELL, Movant,**

v.

**DALKON SHIELD CLAIMANTS TRUST, Respondent.**

**No. 85–01307–R.**

United States District Court, E.D. Virginia, Richmond Division.

March 6, 1998.

John H. Bedford, Tucker, GA, for Jane Campbell.

Melody G. Foster, Richmond, VA, for Dalkon Shield Claimants Trust.

## MEMORANDUM

MERHIGE, District Judge.

This matter is before the Court on Dalkon Shield Claimant Jane Campbell's ("Ms. Campbell") Motion To Vacate Arbitration Decision. The Dalkon Shield Claimants Trust (the "Trust") opposes Ms. Campbell's motion. On October 21, 1997, the Court took evidence and heard argument on the motion and the matter was taken under advisement. For the reasons which follow, the Court will DENY Ms. Campbell's motion.

## I.

Ms. Campbell is a Dalkon Shield claimant who elected to resolve her claim through binding arbitration. Prior to her scheduled arbitration hearing, the Trust moved for summary judgment pursuant to Rule 19 of the First Amended Rules Governing Arbitration on the ground that Ms. Campbell's claim was barred by the statute of limitations period established by Arbitration Rule 40.[1] Discovery in Ms. Campbell's case revealed the following: (1) Ms. Campbell had a Dalkon Shield IUD inserted in May 1971 and subsequently removed in March 1972; (2) Ms. Campbell had a second Dalkon Shield IUD inserted in May 1972; (3) several days after the second IUD was inserted, Ms. Campbell was hospitalized for "peritonitis" and an embedded Dalkon Shield IUD was removed; (4) Ms. Campbell testified at her deposition that at the time of her hospitalization, her doctor told her that the Dalkon Shield IUD caused her peritonitis; (5) Ms. Campbell also testi-

---

1. Pursuant to Arbitration Rule 40, every Dalkon Shield claim that proceeds to arbitration must be brought within three years from the date the cause of action accrues. For purposes of this rule, a cause of action accrues and the statute of limitations period begins to run when the claimant discovers or reasonably should have discovered her injury and that her injury may have been caused by the Dalkon Shield IUD.

fied that she asked for, was given, and has kept the removed Dalkon Shield IUD because "it almost killed me"; and (6) Ms. Campbell did not file any claim relating to the Dalkon Shield IUD until the Robins bankruptcy case in January 1986. Based on Ms. Campbell's sworn deposition testimony and her medical records, the Trust argued that Ms. Campbell either knew or reasonably should have known that her injury was caused by her removed Dalkon Shield IUD in 1972 and thus, her claim was time-barred. On July 14, 1997, Arbitrator Carol A. Levine issued her decision granting the Trust's Motion For Summary Judgment.

Ms. Campbell subsequently filed the instant Motion To Vacate Arbitration Decision. In it, she argues that there was a genuine issue of material fact as to when she became aware that she suffered an injury which may have been caused by the Dalkon Shield IUD. Ms. Campbell contends that although she knew that the Dalkon Shield IUD caused her peritonitis in 1972, she did not realize that it had also rendered her infertile until 1983. In addition, Ms. Campbell claims that her cause of action for fraudulent concealment did not accrue until she discovered Robins' concealment in the 1980s.

## II.

■ In order to vacate an arbitrator's decision on a Dalkon Shield claim, the Court must find at least one of the four grounds identified in Rule 44(a) of the Arbitration Rules:

1. The award was procured by corruption, fraud or undue means.
2. The arbitrator was biased or corrupt.
3. The arbitrator was guilty of abuse of discretion in refusing to postpone the hearing, refusing to admit competent and relevant evidence, or engaging in misconduct that prejudiced the moving party.
4. The arbitrator exceeded his or her powers, or so exercised them such that he or she failed to make a final, definite, and unambiguous award.

Arbitration Rule 44(a).[2] Throughout these bankruptcy proceedings, this court has emphasized that a Dalkon Shield arbitrator's decision will receive substantial deference on review. *E.g. In re A.H. Robins Co. Inc. (Germany v. Dalkon Shield Claimants Trust),* 197 B.R. 525, 527 (E.D.Va.1995). This is because an overly expansive review of arbitration decisions would undermine the efficiencies which arbitration seeks to achieve. *Id.* at 528 n. 2. Recently, in *In re A.H. Robins Co., Inc. (Dalkon Shield Claimants Trust v. Gaither),* 210 B.R. 527 (E.D.Va. 1997), this Court reiterated the standard under which it reviews the decision of an arbitrator. The Court stated:

> An arbitrator's decision receives substantial deference on review, and may only be vacated for the grounds stated in the Arbitration Rules, § 10 of the Federal Arbitration act, or where the arbitrator acted in manifest disregard of the law. This Court will not overturn an arbitration decision merely because the Court would have reached a different conclusion if presented with the same facts. Instead, the Court's role is limited to determining whether the arbitration process was itself flawed.

*Id.* at 529 (citing *Germany,* 197 B.R. at 527–28, and *In re A.H. Robins Co., Inc. (O'Connor v. Dalkon Shield Claimants Trust),* 158 B.R. 640 (E.D.Va.1993)).

## III.

■ Arbitration Rule 40 provides in full that:

(a) Every Dalkon Shield claim that proceeds to arbitration, whatever the theory of recovery, shall be brought within three years from the date the cause of action accrues.

(b) A cause of action accrues and the limitation period begins to run when the claimant discovers or reasonably should have discovered her injury and that her injury may have been caused by the Dalkon Shield. The plaintiff has an affirmative duty to make reasonably prudent inquiry into the cause or causes of any injury which he or she

---

**2.** Pursuant to Arbitration Rule 44(d), these grounds are to be interpreted consistently with the identical provisions of § 10 of the Federal Arbitration Act, 9 U.S.C. § 10.

has incurred and he or she is charged with knowledge of what any reasonably prudent inquiry would have disclosed.

(c) A claimant is deemed to have discovered his or her injury when he or she has discovered some form of injury, not the fullest manifestation thereof or the permanency thereof.

In *In re A.H. Robins Co. (Macleod v. Dalkon Shield Claimants Trust)*, 213 B.R. 468 (E.D.Va.1997), this Court further clarified the applicability of this statute of limitations provision to arbitration. "The plain, ordinary meaning of the language of Arbitration Rule 40 is clear: the three year statute of limitations period *applies to all causes of action irrespective of label* and begins to run when the claimant discovers some form of injury." Mem.Op. at 7.

In the instant case, Ms. Campbell does not dispute that she suffered an infection in 1972 and that she was told that the peritonitis was caused by the Dalkon Shield IUD. The fact that her subsequent infertility was not discovered until 1983 does not affect the analysis. Arbitration Rule 40(c) clearly states that a claimant is considered to have discovered her injury when she discovers "some form of injury" and not "the fullest manifestation thereof or the permanency thereof." Thus, when she learned in May 1972 that the peritonitis was caused by the Dalkon Shield IUD, Ms. Campbell discovered "some form of injury" and the three year statute of limitations period began to run. Having waited until 1986 to file her claim, Ms. Campbell failed to timely file her claim. Accordingly, the Court finds that Arbitrator Levine properly applied Arbitration Rule 40 in dismissing Ms. Campbell's claim.[3]

## IV.

Ms. Campbell has failed to demonstrate that Arbitrator

Levine improperly applied Arbitration Rule 40 to her claim. Accordingly, the Court

finds that she is not entitled to relief. The decision of Arbitrator Levine will not be disturbed. Ms. Campbell's motion will be DENIED and her claim against the Trust shall be deemed closed.

---

**3.** Furthermore, the Court finds that Ms. Campbell's fraudulent concealment cause of action is also time-barred. Pursuant to *MacLeod*, " 'Arbitration Rule 40 ... establishes for the purposes of these arbitrations an unqualified rule, applicable to any cause of action, including fraud....' "

Mem.Op. at 8 (quotation omitted). In addition, "injury" means "physical or mental hurt" for purposes of Arbitration Rule 40. *Id.* Thus, the discovery of Robins' fraud does not qualify as an "injury" under Arbitration Rule 40.