**In re A.H. ROBINS COMPANY, INCORPORATED, Debtor.**

**Employer's Tax Identification No. 54–0486348.**

**Margie J. Addison SHORT, Movant,**

v.

**DALKON SHIELD CLAIMANTS TRUST, Respondent.**

**No. 85–01307–R.**

United States District Court, E.D. Virginia, Richmond Division.

March 6, 1998.

---

Margie J. Addison Short, Aurora, IN, Pro se.

Orran Lee Brown, Richmond, VA, for Dalkon Shield Claimants Trust.

## MEMORANDUM

MERHIGE, District Judge.

This matter is before the Court on Dalkon Shield Claimant Margie J. Addison Short's ("Ms. Short") Motion To Vacate Arbitration

Decision.[1] The Dalkon Shield Claimants Trust (the "Trust") opposes Ms. Short's motion. On November 17, 1997, the Court took evidence and heard argument on the motion and the matter was taken under advisement. For the reasons which follow, the Court will DENY Ms. Short's motion.

## I.

Ms. Short is a Dalkon Shield claimant who elected to resolve her claim through binding arbitration. Prior to their scheduled arbitration hearing, the Trust moved for summary judgment pursuant to Rule 19 of the First Amended Rules Governing Arbitration on the ground that Ms. Short's claim was barred by the statute of limitations period established by Arbitration Rule 40.[2] In support of its motion, the Trust attached the entire 74-page transcript of Ms. Short's deposition. In her deposition, Ms. Short testified that (1) she had an IUD inserted in February 1973; (2) she began to experience pain and vaginal bleeding in March 1973 and had the IUD removed; (3) her doctor showed her the removed IUD and told her that it had "caused all this trouble" by perforating her uterus; (4) she had retained the original packaging for the IUD which was inserted; (5) she read the packaging after the IUD was removed and learned that it was a Dalkon Shield; (6) she retrieved her medical records "sometime in the late '70s maybe, early '80s" which confirmed that her IUD was a Dalkon Shield; (7) she miscarried in September 1973 and believed that the Dalkon Shield IUD had caused her miscarriage; (8) she miscarried again in March 1982 which she also attributed to the Dalkon Shield IUD; and (9) she did not file any claim relating to the Dalkon Shield IUD until the Robins bankruptcy case in January 1986.[3] Based on her sworn deposition testimony, the Trust argued that Ms. Short either knew or reasonably should have known that her removed IUD was a Dalkon Shield as early as February 1973 and thus, her claim was time-barred.

Prior to the deadline for submitting her opposition to the Trust's Motion For Summary Judgment, Ms. Short requested and was granted an additional 33 days in which to respond to the Trust. On July 21, 1997, the deadline for her submission, the arbitrator received a one-page letter from Ms. Short. In it, Ms. Short contended that (1) the Trust had waived the statute of limitations period; (2) she had "only suspected it was a Dalkon Shield. [in 1973]"; and (3) she had timely completed all necessary claim forms. On July 24, 1997, the arbitrator granted the Trust's Motion For Summary Judgment.

On August 11, 1997, Ms. Short wrote to the Court asking that the arbitrator's decision be vacated on the following grounds:

(1) she did not agree to the particular arbitrator, and his legal experience representing defendants in products liability cases made him biased against her;

(2) the arbitrator issued his decision "before the deadline date for [Ms. Short] to have [her] medical records and the affidavits from the individuals involved";

(3) she did not know that her IUD was a Dalkon Shield in 1973; and

(4) she thought there would be no statute of limitations defense when she filed her claim in the Robins bankruptcy case.

---

1. In a letter dated August 11, 1997, Ms. Short wrote to the Court seeking reversal of her arbitration decision. Pursuant to *In re A.H. Robins Co. (Bledsoe v. Dalkon Shield Claimants Trust),* 197 B.R. 550 (E.D.Va.1995), *aff'd,* 112 F.3d 160 (4th Cir.1997), Ms. Short's letter was docketed on August 25, 1997 as a Motion To Vacate Arbitration Decision. The Court notes that Ms. Short appears *pro se* and is mindful that courts must liberally construe the pleadings of *pro se* parties. *See Gordon v. Leeke,* 574 F.2d 1147, 1151–52 (4th Cir.) *cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978); *Coleman v. Peyton,* 340 F.2d 603, 604 (4th Cir.1965).

2. Pursuant to Arbitration Rule 40, every Dalkon Shield claim that proceeds to arbitration must be brought within three years from the date the cause of action accrues. For purpose of this rule, a cause of action accrues and the limitation period begins to run when the claimant discovers or *reasonably should have discovered* her injury and that her injury may have been caused by the Dalkon Shield IUD.

3. The Court takes these statements from the transcript as amended by Ms. Short's subsequent handwritten changes.

Based on the foregoing, Ms. Short has moved the Court to vacate the arbitrator's decision.

## II.

■■■ In order to vacate an arbitrator's decision on a Dalkon Shield claim, the Court must find at least one of the four grounds identified in Rule 44(a) of the Arbitration Rules:

1. The award was procured by corruption, fraud or undue means.
2. The arbitrator was biased or corrupt.
3. The arbitrator was guilty of abuse of discretion in refusing to postpone the hearing, refusing to admit competent and relevant evidence, or engaging in misconduct that prejudiced the moving party.
4. The arbitrator exceeded his or her powers, or so exercised them such that he or she failed to make a final, definite, and unambiguous award.

Arbitration Rule 44(a).[4] Throughout these bankruptcy proceedings, this Court has emphasized that a Dalkon Shield arbitrator's decision will receive substantial deference on review. *E.g. In re A.H. Robins Co. (Germany v. Dalkon Shield Claimants Trust )*, 197 B.R. 525, 527 (E.D.Va.1995). This is because an overly expansive review of arbitration decisions would undermine the efficiencies which arbitration seeks to achieve. *Id.* at 528 n. 2. Recently, in *In re A.H. Robins Co. (Dalkon Shield Claimants Trust v. Gaither )*, 210 B.R. 527 (E.D.Va.1997), this Court reiterated the standard under which it reviews the decision of an arbitrator. The Court stated:

> An arbitrator's decision receives substantial deference on review, and may only be vacated for the grounds stated in the Arbitration Rules, § 10 of the Federal Arbitration act, or where the arbitrator acted in manifest disregard of the law. This Court will not overturn an arbitration decision merely because the Court would have reached a different conclusion if presented with the same facts. Instead, the Court's role is limited to determining whether the arbitration process was itself flawed.

*Id.* at 529 (citing *Germany,* 197 B.R. at 527–28, and *In re A.H. Robins Co. (O'Connor v. Dalkon Shield Claimants Trust)*, 158 B.R. 640 (Bankr.E.D.Va.1993)).

## III.

In the instant case, Ms. Short essentially contends that (1) the arbitrator was biased; (2) the arbitrator engaged in misconduct; and (3) the arbitrator mistakenly concluded that she knew her IUD was a Dalkon Shield in 1973. The Court finds no merit in any of these arguments.

■■■ The fact that Arbitrator William Batten's law practice consists of primarily representing defendants in products liability cases is, in and of itself, insufficient grounds for vacating the decision. Ms. Short's allegation is at most "remote, uncertain, or speculative" and thus, does not rise to the level of "conditions of the mind which sway judgment and render a judge unable to exercise his functions impartially in a particular case." *In re A.H. Robins Co. (Germany v. Dalkon Shield Claimants Trust)*, 197 B.R. 525, 528 (E.D.Va. 1995). Furthermore, Ms. Short had the opportunity to ask for Arbitrator Batten's removal as provided in Arbitration Rule 5. Her failure to do so then does not entitle her to a new arbitration hearing now.

■■■ As for Ms. Short's allegation that Arbitrator Batten engaged in misconduct by issuing his decision before she had submitted her medical records and affidavits, the Court finds otherwise. In fact, the record makes clear that Arbitrator Batten gave Ms. Short an additional four weeks to file whatever she wished in response to the Trust's Motion For Summary Judgment. Despite being given such a lengthy extension of time, however, Ms. Short only submitted a one-page letter in response. The Court is hard pressed to find how Ms. Short's failure to take advantage of the extension of time constitutes misconduct on the part of Arbitrator Batten.

■■■ With respect to Ms. Short's contention that Arbitrator Batten mistakenly concluded that she knew her IUD was Dalkon Shield in 1973, Ms. Short is essentially ask-

---

4. Pursuant to Arbitration Rule 44(d), these grounds are to be interpreted consistently with the identical provisions of § 10 of the Federal Arbitration Act, 9 U.S.C. § 10.

ing this Court to review the evidence and provide its own factual judgment. The Court declines to do so. As the Court has previously held on numerous occasions, a claim of factual error in an arbitrator's decision is an inappropriate ground for judicial review. *See, e.g., Germany*, 197 B.R. at 529 (stating that "disagreement with an arbitrator's factual findings does not constitute adequate grounds for vacating his decision") (citation omitted). Accordingly, the Court declines to give Ms. Short a "second bite at the apple."

██ As a final matter, Ms. Short's argument that she thought there would be no statute of limitations defense when she filed her claim in the Robins bankruptcy case is unavailing. Regardless of what Ms. Short thought in 1986, she conceded that she received a copy of the First Amended Arbitration Rules when she elected to resolve her claim through arbitration. Ms. Short also signed a contract in which she agreed that her case would be governed by those Rules. Thus, Ms. Short's claim that the Trust waived the statute of limitations defense fails and the arbitrator's decision will not be vacated on this ground.

## IV.

Ms. Short has failed to demonstrate that the arbitrator was biased or engaged in misconduct. Accordingly, the Court finds that Ms. Short is not entitled to relief under Arbitration Rule 44(a)(2) or (3). The decision of the arbitrator will not be disturbed. Ms. Short's motion will be DENIED and her claim against the Trust shall be deemed closed.