In re A.H. ROBINS COMPANY, INCORPORATED, Debtor.

Employer's Tax Identification No. 54–0486348.

Riela SCHWALM, Movant,

v.

DALKON SHIELD CLAIMANTS TRUST, Respondent.

No. 85–01307–R.

United States District Court, E.D. Virginia, Richmond Division.

March 18, 1998.

---

Riela Schwalm, Winston, OR, Pro se.

Orran Lee Brown, Richmond, VA, for Dalkon Shield Claimants Trust.

## MEMORANDUM

MERHIGE, District Judge.

█ This matter is before the Court on the motion of Movant Riela Schwalm ("Ms. Schwalm") to vacate arbitration decision.[1]

For the reasons which follow, Ms. Schwalm's Motion will be denied.

### I.

Ms. Schwalm chose to pursue her claim under Option 3 of the Claims Resolution Facility ("CRF"). After she rejected the Trust's offers of compensation, she elected to resolve her claim in arbitration under CRF § E.5(a). To enter arbitration, Ms. Schwalm signed an Arbitration Election and Agreement in which she agreed to follow the First Amended Arbitration Rules in her case. She also agreed that the arbitrator's decision would be the sole remedy available to her on her Dalkon Shield Claim.

The evidentiary hearing on Ms. Schwalm's claim was held before Arbitrator Mark Braverman on June 16–17, 1997, in Eugene, Oregon. The Trust appeared by counsel. Ms. Schwalm was present and represented herself throughout her arbitration hearing.

In a written decision issued on July 15, 1997, Arbitrator Braverman held that Ms. Schwalm had failed to meet her burden of proving that she had become infertile or was otherwise injured by the Dalkon Shield IUD. He also found that the evidence on Ms. Schwalm's spontaneous expulsion of the Dalkon Shield in April 1979, and her description of traumatic and emotional consequences from that event meant that her cause of action accrued at that time. As an alternative ground for his decision, he ruled that her claim was barred by the Virginia two-year statute of limitations for personal injury actions, Va.Code Ann. § 8.01–243 (1992 Repl. Vol.).

In a letter dated July 21, 1997, Ms. Schwalm moved to vacate Arbitrator Braverman's decision, on the following grounds:

(1) The arbitration was held in Eugene, Oregon, rather than postponed to be

1. In a letter dated July 21, 1997, Ms. Schwalm wrote to the Bankruptcy Clerk seeking reversal of her arbitration decision. Pursuant to *In re A.H. Robins Co., Inc. (Bledsoe v. Dalkon Shield Claimants Trust)*, 197 B.R. 550 (E.D.Va.1995), *aff'd*, 112 F.3d 160 (4th Cir.1997), Ms. Schwalm's letter was docketed on July 30, 1997 as a Motion To Vacate Arbitration Decision. The Court notes that Ms. Schwalm appears *pro se* and is mindful that courts must liberally construe the pleadings of *pro se* parties. *See Gordon v. Leeke*, 574 F.2d 1147, 1151–52 (4th Cir.) *cert. denied*, 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978); *Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir.1965).

held in her city of choice, Roseburg, Oregon.

(2) There was no time limit on her offers from the Trust and there is no statute of limitations in Oregon.

(3) The Trust tampered with her medical evidence and engaged in "criminal activity."

(4) Arbitrator Braverman disregarded evidence of the Trust's final Option 3 offer to Ms. Schwalm.

Both the Trust and Ms. Schwalm waived oral argument on the Motion. Because Ms. Schwalm has not shown a ground for reversal of the arbitrator's decision under Arbitration Rule 44(a), her Motion will be denied.

## II.

### A. *The Limited Scope of Judicial Review of an Arbitrator's Decision*

■ To vacate an arbitrator's decision on a Dalkon Shield Claim, the Court must find one of the four grounds identified in Arbitration Rule 44(a):

1. The decision was procured by corruption, fraud or undue means.

2. The arbitrator was biased or corrupt.

3. The arbitrator was guilty of abuse of discretion in refusing to postpone the hearing, refusing to admit competent and relevant evidence, or engaging in misconduct that prejudiced the moving party.

4. The arbitrator exceeded his or her powers, or so exercised them such that he or she failed to make a final, definite, and unambiguous decision.

This Court has stressed that a Dalkon Shield arbitrator's decision will receive substantial deference on review. *See, e.g., In re A.H. Robins Company, Inc. (Widmark v. Dalkon Shield Claimants Trust)*, 219 B.R. 105 (E.D.Va.1998); *In re A.H. Robins Company, Inc. (Campbell v. Dalkon Shield Claimants Trust)*, 219 B.R. 108 (E.D.Va.1998); *In re A.H. Robins Company, Inc. (Short v. Dalkon Shield Claimants Trust)*, 219 B.R. 111 (E.D.Va.1998). An overly expansive review of arbitration decisions would undermine the efficiencies arbitration seeks to achieve. *See Germany,* 197 B.R. at 528, n. 2. Recently, in *Short,* the Court repeated its earlier observations in *In re A.H. Robins Co., Inc. (Dalkon Shield Claimants Trust v. Gaither),* 210 B.R. 527 (E.D.Va.1997) and *Germany:*

> An arbitrator's decision receives substantial deference on review, and may only be vacated for the grounds stated in the Arbitration Rules, § 10 of the Federal Arbitration Act, or where the arbitrator acted in manifest disregard of the law. This Court will not overturn an arbitration decision merely because the Court would have reached a different conclusion if presented with the same facts. Instead, the Court's role is limited to determining whether the arbitration process was itself flawed.

*Short,* Slip Op. at 5–6, 219 B.R. at 114.

### B. *The Location of Ms. Schwalm's Arbitration Hearing*

Ms. Schwalm complains that the arbitrator refused her request to postpone her hearing and move it from Eugene, Oregon, to Roseburg, Oregon. She urges that this amounted to an abuse of discretion by the arbitrator "in refusing to postpone the hearing" within the meaning of Arbitration Rule 44(a)(3).

In her Motion, Ms. Schwalm did not specify beyond this allegation how holding the hearing in Eugene, rather than later in Roseburg, constituted an abuse of discretion. In her last filing, a letter in which she waived oral argument mailed to the Court on August 19, 1997, Ms. Schwalm wrote that if the hearing had been postponed her "expert witness would have then been in attendance and the outcome would have been very different—quite possibly because the attorneys for the Trust would have been drug away in handcuffs."

■ This bare assertion, without supporting information, does not amount to a showing that the arbitrator abused his discretion in refusing to postpone the hearing. Ms. Schwalm does not identify this witness. She

has not proffered what the witness' testimony would have been or how it could have made a difference in the arbitrator's conclusions. Moreover, the records of her arbitration proceeding show that the Trust asked Ms. Schwalm in its Interrogatory No. 15 to identify each person she expected to call as an expert witness at her arbitration hearing and to state the subject matter on which the expert was expected to testify. In her January 16, 1997 answer to this interrogatory, Ms. Schwalm stated:

> 15. I'm supposed to sit at the arbitration hearing and call these people on the telephone? Or should I simply open the door and yell for them. This question is very vague.

Arbitration Rule 16 also required Ms. Schwalm to disclose each person she expected to use as an expert witness at her hearing. Ms. Schwalm never made any such disclosures. Thus, any experts she would have attempted to offer at her arbitration hearing, wherever and whenever it occurred, should not have been allowed to testify anyway. On this record, it appears she had no expert witness to offer. This is not a ground for overturning Arbitrator Braverman's decision.

### C. *The Statute of Limitations Issue*

Arbitrator Braverman ruled that Ms. Schwalm had failed to prove any medical connection between her use of the Dalkon Shield and the injuries she claimed. As an alternative ground, he concluded that Ms. Schwalm's cause of action had accrued in April 1979. Because she had done nothing to assert a claim until she filed a claim until the Robins' bankruptcy proceeding in August 1985, Arbitrator Braverman reasoned that Ms. Schwalm's claim was barred by the two-year statute of limitations in Virginia for personal injury suits.

In her Motion, Ms. Schwalm asserts that she had no time limit in which to file her suit or to select a CRF option. She also asserts that there is no statute of limitations in Oregon for Dalkon Shield Claims. She does not identify on what prong of Arbitration Rule 44 she rests this argument. Perhaps she is saying Arbitrator Braverman manifestly disregarded the law. *See In re A.H. Robins Co., Inc. (O'Connor v. Dalkon Shield Claimants Trust)*, 158 B.R. 640 (Bankr.E.D.Va. 1993). The Court finds that he did not.

First, whether there were time limits under the CRF to elect options or to accept or reject offers has nothing to do with whether a claim in arbitration is barred by the statute of limitations because it was untimely asserted. Whatever the statute of limitations in Oregon may be is of no concern in the arbitration of a Dalkon Shield Claim under CRF § E.5(a). When Ms. Schwalm entered arbitration and agreed to follow the First Amended Arbitration Rules, she had a copy of Arbitration Rule 40, which prescribes a three-year statute of limitations for cases in arbitration. It, and not Oregon law, applied to her case.

Further, this limitations ruling was mentioned only as a secondary reason for denying Ms. Schwalm's claim. After carefully reviewing and noting the evidence, Arbitrator Braverman's conclusion that Ms. Schwalm had not proven she had been injured by the Dalkon Shield, was an adequate and independent ground for his decision.

Just as Ms. Schwalm's reference to Oregon law is misplaced, Arbitrator Braverman's reference to the Virginia statute of limitations was not correct. Arbitration Rule 33 does require arbitrators to apply the substantive law of Virginia, but Arbitration Rule 40 establishes a special limitations period for Dalkon Shield Claims in arbitration. Rule 40(a) requires that such claims be brought within three years from the date the cause of action accrued. Under Rule 40(b), a cause of action accrues when the claimant discovers or reasonably should have discovered her injury and that her injury may have been caused by the Dalkon Shield.

Arbitrator Braverman's mistake, however, was harmless error. He found that Ms. Schwalm's cause of action accrued in April 1979. Her claim was barred by the three-year statute of limitations in Arbitration Rule 40(a) by the time Robins filed for bankruptcy on August 21, 1985, as it also would have been under the two-year Virginia limitations period.

**D. *The Charge of Evidence Tampering***

 Ms. Schwalm contends that the "Trust's version of [her] medical records" differed from her actual medical records. She refers to the examination of a Dr. Veltman, an expert witness called by the Trust at her arbitration hearing. Among the grounds for review in Rule 44, this could only possibly come within Rule 44(a)(1), with Ms. Schwalm alleging that Arbitrator Braverman's decision was procured by fraud.

Ms. Schwalm's accusation of evidence tampering and "criminal activity" by the Trust is completely unsupported. The Trust reports in its Response that Ms. Schwalm attended her arbitration hearing and had ample opportunity to offer her medical records herself. The Trust also recounts that Dr. Veltman testified to various medical records from different sources and providers, and Ms. Schwalm seemed confused then that he had rearranged her records to be in chronological order, an action that could hardly be fraudulent. Ms. Schwalm offered nothing in her reply letter to contest that description of her hearing. She has failed to meet her burden of showing fraud.

**E. *The Trust's Option 3 Evaluation***

Ms. Schwalm says the arbitrator disregarded the Trust's final settlement offer to her and thus was "corrupt," which must be a reference to Rule 44(a)(2). Arbitration Rule 32(e)(5) allows an arbitrator to consider the amount of the Trust's final settlement offer to the plaintiff and the amount of the plaintiff's counteroffer, subject to Rule 34(g). Under Arbitration Rule 34(g), the "decision and offer of the Trust in the claims resolution process constitute a settlement offer and shall not be deemed or considered as evidence of, or an admission of, causation or liability." In an arbitration, the settlement offer shows only how the Trust evaluated the claim, primarily to indicate the level of compensation the claimant could have received under the Option 3 evaluation criteria, but little else. Arbitrator Braverman could not use the Trust's settlement offer as evidence of causation or liability. His denial of Ms. Schwalm's claim does not mean he disregarded the offer.

Ms. Schwalm states in her Motion that at her arbitration hearing she introduced evidence of two different settlement offers because she wanted an explanation of why she received offers from the Trust on two separate dates. The explanation is simple. Section E of the CRF, which describes the Option 3 process, calls for an initial offer and an In–Depth Review Offer. None of this is relevant to whether the arbitrator's decision was "corrupt."

**III.**

Ms. Schwalm has not shown any of the grounds necessary under Arbitration Rule 44 to vacate an arbitrator's decision. Accordingly, her Motion To Vacate will be denied.

