UNITED STATES of America, Plaintiff,

v.

AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS, Defendants.

In the Matter of the Application of Steve KARMEN, Petitioner,

For an Order Vacating an Award.

No. Civ. 13–95(WCC).

United States District Court, S.D. New York.

June 19, 1989.

of that size and in such a way as to require the page by page perusal of the book.

Parcher Arisohn & Hayes, P.C., New York City, for petitioner; Elizabeth C. McNicoll, of counsel.

Bernard Korman, New York City, for American Soc. of Composers, Authors and Publishers (ASCAP); Ross Charap, of counsel.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge.

By an Opinion and Order dated March 30, 1989, this Court concluded that a panel of arbitrators (the "Panel") which dismissed the claim of petitioner Steve Karmen ("Karmen") failed to exercise its authority under the Articles of Association of the American Society of Composers, Authors & Publishers ("ASCAP") and N.Y. Civ.Prac.L. & R. § 7501 *et. seq.* (McKinney 1980) ("Article 75"). The matter was remanded "to arbitration for further consideration." *United States v. American Society of Composers, Authors & Publishers*, 708 F.Supp. 95, 98 (S.D.N.Y.1989). In a footnote, I added:

> It is probably the case that efficiency would be served by this matter returning to the three arbitrators that heard it originally. I realize, however, that this may not be possible. Therefore this matter may be completely reconsidered with a newly constituted panel.

*Id.* at 98 n. 2.

A dispute has now arisen regarding the meaning of this footnote. Karmen maintains that the footnote "only suggests that the original panel be convened, but does not require it." Petitioner's May 10, 1989 Letter. Respondent ASCAP, on the other hand, argues that "a new Panel would be constituted *only* in the event that it were not possible to reconvene the original Panel." Respondent's May 3, 1989 Letter (emphasis in original). Before undertaking to construe this passage, I offered the parties an opportunity to brief the issue of whether the Court has the authority to require that the same Panel be convened on remand.

## DISCUSSION

In the absence of corruption, fraud, or other misconduct, a court vacating an arbitration award should order a rehearing before the same panel. Article 75 vests the court with the authority to order that the same panel be convened. N.Y.Civ.Prac.L. & R. § 7511(d) (McKinney 1980). "[W]hether a rehearing is ordered before the same or new arbitrators is left to the court's discretion." N.Y.Civ.Prac.L. & R. § 7511 note on legislative studies and reports (McKinney 1980). Moreover, commentators have suggested that where an arbitrator's powers are imperfectly exercised, a rehearing before the same panel is "[o]rdinarily" appropriate; only where there is evidence of "corruption, fraud, or other misconduct" should a different panel be convened. 8 J. Weinstein, H. Korn & A. Miller, *New York Civil Practice* ¶¶ 7511.30 & 7511.31 (1979).

My decision to remand was not based on any showing of misconduct. I merely noted that the record was devoid of any "indication that the Panel knew of their power to hear improperly excluded evidence or to reevaluate the Board's findings of fact." 708 F.Supp. at 98. Moreover, although Karmen asserts that the original Panel would not be "neutral," Petitioner's May 10, 1989 Letter, he provides no evidence to support this claim. I agree with ASCAP, that there is "no reason to believe that the three lawyers on [the original] Panel would now be biased against Mr. Karmen because [this Court] has remanded

the matter to them for further consideration." Respondent's May 17, 1989 Letter.

Although the language of my March 30, 1989 Opinion and Order may not have been clear, it was my intention to direct the American Arbitration Association to try to reconvene the original Panel. Karmen has failed to persuade me that my decision was ill-considered.

## CONCLUSION

For the reasons stated above, the American Arbitration Association is directed to attempt to reconvene the panel of arbitrators that originally heard petitioner Steve Karmen's claim so that the remand of this matter may proceed.

SO ORDERED.