**In re A.H. ROBINS COMPANY, INC., Debtor.**

**Employer Tax Identification No. 54–0486348.**

**Lenore Widmark, Movant,**

**v.**

**Dalkon Shield Claimants Trust, Respondent.**

**No. 85–01307–R.**

United States District Court, E.D. Virginia, Richmond Division.

Feb. 12, 1999.

Howard Eison, Sanders, Sandes, Block & Woycik, P.C., Mineola, New York, for movant, Lenore Widmark.

Orran L. Brown, Richmond, Virginia, for the Dalkon Shield Claimants Trust.

### MEMORANDUM OPINION

SPENCER, District Judge.

This matter comes before the Court on the Motion of Lenore Widmark (the "Movant") to Reargue and Reconsider this Court's Order entered on November 18, 1998 (the "Motion"). The Dalkon Shield Claimants Trust (the "Trust") opposes the Motion. Upon consideration of the parties' pleadings, and after a hearing held on this matter on January 25, 1999, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

#### I. Arbitration Hearing and Results

The Movant elected to process her Dalkon Shield Claim through the binding arbitration program as provided in Option 3 of the Claims Resolution Facility (the "CRF"). An arbitration hearing was held before Professor Carol B. Liebman (the "Arbitrator") on May 19–20, 1997. The Movant contended that she contracted Pelvic Inflammatory Disease ("PID") and suffered damages as a result of her use of the Dalkon Shield. During the hearing, neither the Movant nor her counsel asked the Arbitrator to apply to her case the presumption of causation (the "Presumption"), which was spelled out by the Fourth Circuit in *Reichel v. Dalkon Shield Claimants Trust,* 109 F.3d 965 (4th Cir. 1997). The Presumption is as follows: proof that the claimant involved used the Dalkon Shield and proof that her injury is an injury listed in Exhibit A of the CRF establish the Presumption that the claimant's injury was caused by the use of the Dalkon Shield. The Presumption, however, may be rebutted, and if evidence is introduced which would support a finding of the non-existence of cause of the injury by use of the Dalkon Shield, then the existence or non-existence of causation is to be determined exactly as if the Presumption had never been applicable. *Id.* at 968–69. The Presumption was never mentioned during the arbitration hearing.

After reviewing all of the medical evidence and history, the Arbitrator, in a written decision dated June 9, 1997, concluded that the Movant had not met her burden of proving that her 1983 PID and the damage to her tubes found in 1986 were caused by the Dalkon Shield. The Arbitrator concluded that the evidence which the Movant presented, especially in light of her nine years of problem-free use of the Dalkon Shield and other possible explanations for her injuries, was not sufficient to show by a preponderance of the evidence that her injuries were caused by her Dalkon Shield use.

#### II. Motion to Vacate the Arbitrator's Decision

On July 8, 1997, the Movant filed a Motion to Vacate the Arbitrator's decision, arguing that the Arbitrator's reference in her decision to "other possible explanations for her injuries" was irrational and exceeded her authority as an Arbitrator because the Movant testified that she never had a sexually transmitted disease. The Movant contended that the Trust had not carried its burden of proving that something other than the Dalkon Shield had caused her PID. The Movant also argued that the Arbitrator committed reversible error by admitting an expert's (Dr. Jones) ten pages of testimony which stated that there was no increased risk of PID posed by use of an inter-uterine device ("IUD."). In an Order and Memorandum Opinion entered on March 6, 1998, this Court denied the Movant's Motion to Vacate. *See Widmark v. Dalkon Shield Claimants Trust,* 219 B.R. 105 (E.D.Va.1998). The Court re-

fused to substitute its judgment for the Arbitrator's judgment on whether the Movant's evidence was sufficient to carry her burden of proving that the Dalkon Shield had caused her PID. In her proceedings before this Court on the Motion to Vacate, the Movant never raised any question about the Presumption.

### III. Fourth Circuit Appeal

The Movant then appealed to the Fourth Circuit, and argued the same points which had been presented to this Court. For the first time, the Movant contended that the Arbitrator had not given the Movant the benefit of the Presumption of causation announced in *Reichel*. On July 21, 1998, the Fourth Circuit placed the Movant's appeal in abeyance pending the outcome of the appeal in *King, et al. v. Dalkon Shield Claimants Trust*, Case No. 98–1395. On August 17, 1998, the Fourth Circuit issued its decision in *King* and held that the Presumption was applicable in arbitration matters. On September 4, 1998, the Fourth Circuit removed the Movant's appeal from abeyance and the briefing was completed.

On October 26, 1998, without oral argument, the Fourth Circuit issued an unpublished, *per curiam* opinion in this matter. *See Widmark v. Dalkon Shield Claimants Trust*, Case No. 98–1522, 1998 WL 746854 (4th Cir. Oct. 26, 1998). The Fourth Circuit held that it was vacating this Court's Order denying the Movant's Motion to Vacate the Arbitrator's decision. The opinion held that the Movant had established that she used the Dalkon Shield and later contracted PID; thus, she was entitled to the Presumption of causation announced in *Reichel*, which was held to be applicable to binding arbitration in the *King* decision. The opinion then provided the following:

> We vacate the order of the district court because the arbitrator did not apply the presumption. . . . In light of this disposition, the motion to accelerate oral argument is denied, and the case is remanded to the district court for further proceedings consistent with this opinion.

The Fourth Circuit dispensed with oral argument because the facts and legal contentions were adequately presented in the materials before the Court.

### IV. This Court's November 18, 1998 Order

In accordance with the Fourth Circuit's decision, this Court, on November 18, 1998, entered an Order remanding the Movant's case to the Arbitrator for consideration of the evidence presented to her during the May 19–20, 1997 hearing in light of the Presumption. The Order directed the parties to resubmit the claim to the Arbitrator by December 4, 1998, and directed the Arbitrator to decide the claim after such reconsideration no later than December 18, 1998. Following the Order, the Trust sent its resubmission to the Arbitrator on December 2, 1998; the Movant has filed nothing with the Arbitrator. On December 4, 1998, the Movant filed with the Court a Motion to Extend Time, asking the Court to suspend the deadlines imposed by the November 18 Order, and the Motion to Reargue and Reconsider. On December 10, 1998, the Trust and the Movant filed a Joint stipulation agreeing to ask the Court to suspend the November 18 Order in order to permit consideration of the Movant's Motion to Reargue and Reconsider. The Court entered the stipulation on December 17, 1998, and the hearing on the Motion was held on January 25, 1999.

### V. Movant's Motion and Trust's Response

The Movant argues that the November 18 Order is inconsistent with the Fourth Circuit's decision and would unfairly prejudice the Movant. The Movant states that in essence, the Fourth Circuit held that the arbitration hearing before the Arbitrator was fundamentally flawed because the Arbitrator failed to recognize the Presumption. In light of this holding, the Movant contends that the only recourse is to vacate the award and remand the proceeding to a new arbitrator. The Movant states that the proceeding was tainted by the refusal of the Arbitrator to recognize the Presumption and by her receipt of the evidence purporting to establish that the Dalkon Shield was not a defective device and did not increase the risk of PID. The Movant argues that the Fourth Circuit's decision to vacate and remand because the

Presumption was not applied translates into a decision that the Arbitrator's receipt of certain evidence was also flawed.[1] For these reasons, the Movant concludes that fairness and justice mandate a new arbitration.

The Trust points out that the parties and the Court only have the Fourth Circuit's written word as a guide as to how to proceed. The Trust contends that the Fourth Circuit did not adopt or embrace in any way any of the Movant's arguments on appeal attacking the Arbitrator's decision, except the single point of the Arbitrator's failure to apply the Presumption. The Fourth Circuit did not suggest any approval of the Movant's arguments on appeal that the Arbitrator's ruling was irrational, that the ruling did not rest on sufficient evidence, or that she erred in receiving testimony on risk levels. Further, the Trust argues, vacating and remanding because the Arbitrator did not apply the Presumption does not indicate any disapproval by the Fourth Circuit of the Arbitrator's abilities, methods, or analytical skills. She was never asked to and never had the opportunity to apply the Presumption; the grounds for vacation and remand was the failure to apply the Presumption, and the proceeding consistent with those grounds is to remand the case to her and give her an opportunity to apply the Presumption. If the Fourth Circuit had intended a new arbitrator and a new hearing, surely it would have directed that vast relief specifically and expressly.

The Trust notes that the Fourth Circuit has remanded a claim for consideration of the Presumption only twice, and both cases were Alternative Dispute Resolution ("ADR") cases; in each, the Fourth Circuit directed the District Court to remand the claim to the same referee for consideration. The Trust argues that this previous course of action indicates that the proper course here

is remand to the same Arbitrator to consider the Presumption. The Trust concludes by stating that there is nothing in the Arbitrator's decision, the Fourth Circuit's ruling, or anywhere in the record to suggest that the Arbitrator would be unable to weigh the evidence fairly upon remand and apply the Presumption. There has been no showing of corruption, fraud, or other misconduct on the part of the Arbitrator which would dictate a remand to a new arbitrator. This Court has refused to find that an arbitrator was biased against a party merely because he or she had ruled against a claimant. Sending the claim back to the Arbitrator to do what the Fourth Circuit has ordered her to do, apply the Presumption to the evidence before her, will be the most efficient and cost-effective method to resolve the claim fairly for all parties.

### CONCLUSIONS OF LAW

### I. Rule Regarding Reconsideration of a Court Order

Because this Motion is one to reconsider the Court's November 18 Order. Bankruptcy Rule 9024 and Federal Rule of Civil Procedure 60 are applicable. The relevant portion of Federal Rule 60 provides the following:

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence...; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged...; or (6) any other reason justifying relief from

---

1. The Motion provides the following: "The Arbitrator has already decided the matter based on improperly received evidence and in failing to give effect to the presumption that the Dalkon Shield caused her PID. To resubmit the issue to the Arbitrator a year and a half after hearing the testimony, and revisit the issues based on her recollections and a cold and stale record which is replete with improperly received evidence, is without question stacking the deck against the

Movant and in favor of the Trust. The Court of Appeals' decision found that the Arbitrator had committed error which went to the very heart of the arbitration and directed the rarely granted relief of vacating the Arbitrator's award. The Court of Appeals' Order and the arbitration rules do not provide for a reconsideration by the original Arbitrator; nor does the concept of fairness and justice allow for this improvident procedure."

the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. FED.R.CIV.P. 60(b). Although this Rule is not cited by the Movant in the Motion, the Movant appears to be moving under the "any other reason" provision in subsection (6) because none of the other grounds are applicable. Thus, the Motion is timely as it was made within a reasonable time; the Order was entered on November 18 and the Motion was filed and served on December 4.

## II. Movant is Not Entitled to a New Arbitrator

The "reason" why the Court should grant the Movant relief from the November 18 Order, the Movant argues, is the prejudice which will result if her claim is sent back to the same Arbitrator as opposed to a new arbitrator. This is not a valid reason. The Fourth Circuit's remand order refers to "the arbitrator" and does not indicate that a new arbitrator should be provided to hear the claim. The Arbitration Rules, along with the U.S.Code, do not provide that a new arbitrator should be appointed. In addition, relevant case law provides very specific instances and reasons which would dictate the providing of a new arbitrator, none of which are present here.

### A. Arbitration Rules and U.S.Code

Arbitration Rule 44(d), which pertains to vacating, modifying, or correcting an arbitration decision, states as follows:

**Interpretation of this Rule.** Unless inconsistent with the provisions herein, this Rule shall be applied in accordance with the provisions contained in 9 U.S.C. Sections 10 through 12.

The relevant U.S.Code provision, 9 U.S.C. § 10(a), provides as follows:

In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—(5) Where an award is vacated and the time within which the agreement required the award to be made has not expired the court may, in its discretion, direct a rehearing by the arbitrators.

9 U.S.C. § 10(a)(5) (1997). The relevant rules, therefore, do not provide for a new arbitrator on remand of a claim: the rules dictate a rehearing by "the arbitrators" and not a "new" arbitrator. Case law, however, has provided specific instances where a new arbitrator is necessary.

### B. Case Law Analysis

█ As a preliminary matter, the Court's decision as to whether to remand a matter to the same arbitrator or a new one is within the Court's discretion. See Aircraft Braking Sys. Corp. v. Local 856, 97 F.3d 155, 162 (6th Cir.1996) (district courts are afforded broad discretion in fashioning appropriate relief); see also Erving v. Virginia Squires Basketball Club, 468 F.2d 1064, 1067–68 (2nd Cir. 1972). Further, the Fourth Circuit has stated that "[a] court's power to vacate an award because of an arbitrator's failure to address a crucial issue necessarily includes a lesser power to remand the case to **the same arbitrator** for a determination of that issue." Cannelton Industries, Inc. v. District 17, United Mine Workers of America, 951 F.2d 591, 594 (4th Cir.1992) (emphasis added). The situation here is similar to the Cannelton situation in that the Arbitrator did not address a crucial issue, the Presumption. In Cannelton, a new arbitrator was not provided to consider the crucial missed issue, and a new arbitrator will not be provided here.

The decisions remanding an arbitration claim to a new arbitrator contain a common thread; the arbitrator in question acted, or failed to act, in a manner from which one might infer bias against one of the parties, corruption, fraud, or other misconduct. In Grand Rapids Die Casting Corp. v. Local Union No. 159, 684 F.2d 413, 417 (6th Cir. 1982), the Court held that the arbitrator's "outburst" against the language of the collective bargaining agreement compromised the appearance of impartiality to which the parties were entitled. Therefore, the Court suggested that remand should be to a different arbitrator. In Erving, the Court held that the supposedly neutral arbitrator was indeed

not neutral as he was a partner in the law firm representing one of the parties. 468 F.2d at 1068. In *Green v. Ameritech Corp.*, 12 F.Supp.2d 662, 666 (E.D.Mich.1998), the Court remanded a case to a new arbitrator because the original arbitrator issued an opinion lacking an explanation, in violation of the arbitration agreement, and was dilatory in issuing the opinion. In *United States v. American Society of Composers, Authors and Publishers*, 714 F.Supp. 697, 698 (S.D.N.Y.1989), the Court held that in the absence of corruption, fraud, or other misconduct, a court vacating an arbitration award should order a rehearing before the same panel. The Court stated that there is no reason to believe that an arbitrator would be biased against a party simply because the Court has remanded the case for further consideration. *Id.*

▮ In the case at bar, there were no outbursts by the Arbitrator, the Arbitrator's written decision did not lack an explanation and was not dilatory, and there has been no showing by the Movant that the Arbitrator is not a neutral party. In addition, there has been no evidence of any corruption, fraud, or other misconduct on the part of the Arbitrator. She simply failed to apply the Presumption which she was not asked to apply, which she did not know was supposed to apply, and which was only made applicable to arbitration proceedings in the *King* decision rendered on August 17, 1998, well after her arbitration decision as to the Movant made on June 9, 1997. The fact that this claim is being remanded gives the Court no reason to believe that the Arbitrator will be biased against the Movant because of the remand. In addition, this Court has refused to find that an arbitrator was biased against a claimant merely because the arbitrator had ruled against the claimant. *See Dalkon Shield Claimants Trust v. Fields*, 219 B.R. 135, 144 (E.D.Va.1998). The Arbitrator ruled against the Movant here, but this fact standing alone is insufficient to establish bias.

The Fourth Circuit has not vacated and remanded any other arbitration cases so that the arbitrator can apply the Presumption; it has done so, however, in two appeals involving ADR cases. *See Galarneau v. Dalkon Shield Claimants Trust*, Case No. 96–2587, 1998 WL 188631 (4th Cir. Apr. 21, 1998), and *Campbell v. Dalkon Shield Claimants Trust*, Case No. 98–1714, 1998 WL 726751 (4th Cir. Oct. 16, 1998). In both cases, the Fourth Circuit vacated the ADR referee's decision on the ground that the referee had not applied the Presumption. Each case was remanded to the same referee for consideration of the evidence in light of the Presumption. From these cases, the Court infers that the proper course of action when a referee or arbitrator does not apply the Presumption is to remand the case to the same referee or arbitrator to consider the Presumption. This is the course of action which this Court followed in issuing its November 18 Order. The Movant argues that because the Fourth Circuit's decision here does not say same arbitrator as the ADR opinions said same referee, the Fourth Circuit must have intended that a new arbitrator hear the remanded case. The Court disagrees with this argument, and finds that if the Fourth Circuit had intended for a new arbitrator to hear the case at bar on remand, it would have directed this relief. The Movant did not ask the Fourth Circuit for a new arbitrator, and the Fourth Circuit did not grant a new arbitrator.

### CONCLUSION

▮ To obtain relief from the Court's November 18 Order remanding the Movant's claim to the same Arbitrator to consider the Presumption, the Movant must provide the Court with a valid reason for such relief. The Movant argues that she will suffer prejudice if the claim is sent to the same Arbitrator because the first arbitration was fatally flawed as a result of not applying the Presumption. This is not a valid reason. The Fourth Circuit's remand decision did not provide that a new arbitrator be chosen to consider the Presumption. The Fourth Circuit's opinion simply held that the Presumption should be applied on remand and did not reach the Movant's other arguments. In addition, the Arbitration Rules and U.S.Code provisions do not provide for a new arbitrator. The case law holds that there must be some type of fraud, corruption, or misconduct on the part of the arbitrator in order for a

new arbitrator to be appointed. There is no evidence of any of this type of activity here.

The Fourth Circuit's decision called for a limited remand to allow the Arbitrator to consider the Presumption, and the Court properly carried out this decision in its November 18 Order. For these reasons, the Movant's Motion will be denied.