**In re A.H. ROBINS COMPANY, INCORPORATED, Debtor.**

**Employer's Tax Identification No. 54–0486348.**

**Rise BRIGGS, Movant,**

v.

**DALKON SHIELD CLAIMANTS TRUST, Respondent.**

**No. 85–01307–R.**

United States District Court, E.D. Virginia, Richmond Division.

July 30, 1997.

---

Rise Briggs, Roseburg, OR, pro se.

Anne M. Glenn, Richmond, VA, for Dalkon Shield Claimants Trust.

## MEMORANDUM

MERHIGE, District Judge.

This matter is before the Court on the Motion of Dalkon Shield Claimant Rise Briggs ("Briggs") to vacate her arbitration decision.[1] Briggs seeks an Order of this Court vacating the decision of Arbitrator Mark Braverman in her case. The Dalkon Shield Claimants Trust (the "Trust") opposes Briggs' motion. On July 16, 1997, the Court took evidence and heard argument on the motion and the matter was taken under advisement. For the reasons which follow, the Court will deny Briggs' motion.

### I.

Briggs is a Dalkon Shield claimant who alleges that she suffered injuries as a result of her use of the Dalkon Shield. She rejected the Trust's settlement offer and chose to resolve her claim through binding arbitration. Trust Ex. A. Briggs' arbitration hearing was held on March 26 and 27, 1997 in Eugene, Oregon before Arbitrator Mark Braverman. At the hearing, Briggs, her sister, and her current husband presented evidence in support of her claim that the Dalkon Shield caused chronic urinary tract and yeast infections, infertility, and psychological problems. Briggs did not, however, offer any expert medical opinion in support of her claim.

On May 9, 1997, Arbitrator Braverman issued his written decision denying Briggs' claim. Trust Ex. I. The Arbitrator found that although Briggs used the Dalkon Shield for five years, her claimed injuries, to the extent they occurred, were not related to the Dalkon Shield.[2] On May 12, 1997, Briggs

---

1. Briggs wrote to the Court in a letter dated May 12, 1997 seeking to vacate her arbitration decision. Her letter was docketed on May 22, 1996 as a Motion To Vacate Arbitration Decision. (Docket No. 29963). The Court notes that Briggs appears *pro se* and is mindful that courts must liberally construe the pleadings of *pro se* parties. See *Gordon v. Leeke,* 574 F.2d 1147, 1151–52 (4th Cir.) *cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978); *Coleman v. Peyton,* 340 F.2d 603, 604 (4th Cir.1965).

2. The Arbitrator concluded that Briggs "failed to prove by a preponderance of the evidence that she was injured due to her use of the Dalkon Shield/IUD or that the Dalkon Shield/IUD was

filed her motion seeking relief from the Arbitrator's decision. Briggs' motion alleges four separate grounds to set aside the Arbitrator's decision. First, Briggs alleges that Trust counsel "perjured themselves" in pre-hearing conference calls and written correspondence by stating that they had sent her a letter of instruction regarding the deposition of the Trust's expert witness, Dr. Broms. Briggs claims that no letter was ever sent.[3] Second, Briggs argues that because she did not receive the letter, she therefore did not attend Dr. Broms' deposition. Briggs suggests that the Arbitrator should have either excluded the deposition or should have postponed the hearing so that Briggs could cross-examine Dr. Broms. Third, Briggs objects to the Arbitrator's evidentiary ruling admitting an affidavit presented by the Trust from Dr. Richardson, a physician who had treated Briggs in 1977 and 1978. Dr. Richardson's affidavit offered compelling evidence that a document submitted by Briggs, purportedly bearing Dr. Richardson's signature, was a forgery. Trust Ex. C, D. Finally, Briggs argues that the Arbitrator's decision should be set aside on the grounds that his decision was not rendered in the thirty-day period prescribed by the First Amended Rules Governing Arbitration (the "Arbitration Rules").[4] The Trust opposes Briggs' motion, arguing that none of her complaints rises to the level required to vacate an arbitration decision.

## II.

 In order to vacate an arbitrator's decision on a Dalkon Shield claim, the Court must find at least one of the four grounds identified in Rule 44(a) of the Arbitration Rules:

1. The award was procured by corruption, fraud or undue means.

2. The arbitrator was biased or corrupt.

3. The arbitrator was guilty of abuse of discretion in refusing to postpone the hearing, refusing to admit competent and relevant evidence, or engaging in misconduct that prejudiced the moving party.

4. The arbitrator exceeded his or her powers, or so exercised them such that he or she failed to make a final, definite, and unambiguous award.

Arbitration Rule 44(a).[5] Throughout these bankruptcy proceedings, this Court has emphasized that a Dalkon Shield arbitrator's decision will receive substantial deference on review. *E.g. In re A.H. Robins Co., Inc. (Germany v. Dalkon Shield Claimants Trust)*, 197 B.R. 525, 527 (E.D.Va.1995). This is because an overly expansive review of arbitration decisions would undermine the efficiencies which arbitration seeks to achieve. *Id.* at 528 n. 2. Recently, in *In re A.H. Robins Co., Inc. (Dalkon Shield Claimants Trust v. Gaither)*, 210 B.R. 527 (E.D.Va. 1997), this Court reiterated the standard under which this Court reviews the decision of an arbitrator. The Court stated:

An arbitrator's decision receives substantial deference on review, and may only be vacated for the grounds stated in the Arbitration Rules, § 10 of the Federal Arbitration Act, or where the arbitrator acted in manifest disregard of the law. This Court will not overturn an arbitration decision merely because the Court would have reached a different conclusion if presented with the same facts. Instead, the Court's

---

the caused in fact and the approximate cause of any injury, psychological or physical." Trust Ex. I at 8.

3. It appears that Briggs is referring to a January 17, 1997 letter from Trust counsel to Arbitrator Braverman wherein counsel states that Dr. Broms would be unable to testify and that his deposition had been scheduled. Trust Ex. H. The letter further stated, "Briggs is, of course, welcome to attend this deposition if she chooses to, but is not required to dc so under the rules." *Id.* The letter also reflects that a copy was mailed to Briggs.

4. Arbitration Rule 43 provides:

(a) Time of Decision. The arbitrator shall issue a written decision within 30 days after the date of the close of the hearing or the arbitrator's receipt of post-hearing briefs, whichever is later.
Arbitration Rule 43(a).

5. According to Arbitration Rule 44(d), these grounds are to be interpreted consistently with the identical provisions of § 10 of the Federal Arbitration Act, 9 U.S.C. § 10.

role is limited to determining whether the arbitration process was itself flawed.

*Id.* at 529 (citing *Germany,* 197 B.R. at 527–28, and *In re A.H. Robins Co., Inc. (O'Connor v. Dalkon Shield Claimants Trust),* 158 B.R. 640 (Bankr.E.D.Va.1993)). It is with these principles in mind that the Court reviews Briggs' motion.

### III.

Briggs does not state in her motion under which prong of Arbitration Rule 44(a) she seeks relief. Nevertheless, because she alleges that counsel for the Trust acted improperly, the Court will liberally construe her motion as partly seeking relief under subsection (1), which provides that relief is appropriate upon a showing that the award was procured by corruption, fraud, or undue means. Additionally, because Briggs challenges the Arbitrator's evidentiary rulings, as well as the timeliness of his decision, the Court will construe her motion as also seeking relief under subsection (3), which provides that relief is appropriate upon a showing that the arbitrator abused his discretion or otherwise engaged in prejudicial misconduct. The Court will address each basis for relief separately.

#### A. *Trust Misconduct*

■ Briggs alleges that "[t]here is documented proof that [counsel for the Trust] perjured themselves to the arbitrator, as well as myself, during several conference calls and in written correspondence." Mot. at ¶ 1. The Court has reviewed the record in this case and finds that Briggs' allegations are wholly unsubstantiated. The Trust has produced copies of several documents which demonstrate that it complied with its obligations under the Arbitration Rules to give Briggs notice that Dr. Broms and Dr. Bennett would not be appearing in person at the hearing. Trust Ex. F, G, H. These notices,

as well as the Arbitration Rules, adequately informed Briggs that she was entitled to attend Dr. Broms' deposition and also demand that Dr. Bennett be produced in person to testify.[6]

Even assuming, *arguendo,* that Briggs did not receive her copy of the January 17, 1997 letter from Trust counsel, Briggs nevertheless received legally adequate notice of Dr. Broms' deposition. Arbitration Rule 13 only required that the Trust give Briggs' adequate notice of the deposition in writing, stating the time and place for the deposition and the name and address of the person to be examined. The Trust's Notice Of Deposition, which was filed and properly served, clearly satisfied this requirement. Trust Ex. G.

In short, the record reflects that the Trust complied with its obligations under the Arbitration Rules with respect to Dr. Broms' and Dr. Bennett's testimony. Briggs has presented no evidence that the Trust committed perjury, engaged in fraud, or otherwise acted in a manner which would warrant relief. Accordingly, the Court finds that Briggs is not entitled to have the Arbitrator's decision set aside under Arbitration Rule 44(a)(1).

#### B. *Arbitrator Misconduct*

■ Briggs alleges that Arbitrator Braverman abused his discretion: (1) in making certain evidentiary rulings;[7] and (2) in failing to issue his decision in the period prescribed by the Arbitration Rules. In order for an arbitration decision to be set aside on the basis of an arbitrator's alleged misconduct, the moving party must prove that her rights have been prejudiced and that she was denied a fair hearing. *Germany,* 197 B.R. at 529.

■ With respect to Briggs' first contention, the Court finds that her claim amounts to little more than a disagreement with Arbi-

---

6. *See* Arbitration Rule 13 ("Depositions Upon Oral Examination"); Arbitration Rule 32(c)(2) ("If the opposing party, at least 15 days before the arbitration hearing, files a written demand that the witness be produced in person to testify at the arbitration hearing, a written statement of a witness shall not be admitted into evidence.").

7. Specifically, Briggs takes issue with the Arbitrator's decision: (i) to admit the deposition of Dr. Broms; (ii) to admit the affidavit of Dr. Bennett; (iii) to admit the affidavit of Dr. Richardson; and (iv) to deny Briggs' motion to compel the production of certain internal Trust documents on the basis that these documents were inadmissible under Arbitration Rule 32.

trator's rulings regarding the weight and relevancy of certain items of evidence. Regardless of Briggs' view of the evidence, Arbitrator Braverman was the judge of the admissibility of all evidence submitted during the hearing. Although Briggs has voiced strong objections to the Arbitrator's evidentiary rulings, she has failed to demonstrate that these decisions were erroneous. She thus has not satisfied her burden of proving that these alleged errors deprived her of a fundamentally fair hearing. In the absence of such a showing, this Court will not revisit the Arbitrator's evidentiary rulings.

■ With respect to Briggs' second contention, regarding the Arbitrator's delay in rendering a decision, the Court finds that while Briggs has raised an issue of some merit, she is not entitled to the relief she seeks. As Briggs stressed at this Court's hearing, the requirement imposed by Arbitration Rule 43(a) is unequivocal. The Rule requires that the "arbitrator *shall* issue a written decision within 30 days after the date of the close of the hearing or the arbitrator's receipt of post-hearing briefs, whichever is later." Arbitration Rule 43(a) (emphasis added). Because there were no post-hearing briefs, the thirty-day period in this case was triggered by the close of the hearing on March 27, 1997. The Arbitrator's decision was issued on May 9, 1997, thirteen days after the deadline prescribed in the Arbitration Rules.

There is little doubt that in failing to comply with Arbitration Rule 43(a), the Arbitrator in this case erred. Again, however, in order for an arbitration decision to be set aside on the basis of this type of error, the moving party must prove that her rights have been prejudiced and that she was denied a fair hearing. *Germany*, 197 B.R. at 529. In her motion and argument before this Court, Briggs merely argued that the Arbitrator violated the Rule. Briggs made no showing that she was in any way prejudiced by the short delay. Indeed, in light of the

fact that Briggs failed to be awarded any award, it is difficult to discern how she was prejudiced at all. There is no indication that the Arbitrator's decision would have been any different had it been rendered thirteen days earlier. Briggs suffered no prejudice— she is in exactly the same position as she would have been had the Arbitrator complied with Rule 43(a).[8] Accordingly, the Court finds that Briggs is not entitled to have the Arbitrator's decision set aside under Arbitration Rule 44(a)(3).

### IV.

Briggs has failed to present any evidence that the Arbitrator's decision was the result of fraud, corruption, or undue means. Furthermore, Briggs has failed to demonstrate how the Arbitrator's evidentiary rulings were erroneous, or how she was denied a fundamentally fair hearing. Finally, Briggs was not prejudiced by the Arbitrator's delay in rendering a decision. Accordingly, the Court finds that Briggs is not entitled to relief under any of the grounds provided by Arbitration Rule 44(a). The decision of Arbitrator Braverman will not be disturbed. Briggs' motion will be denied and her claim against the Trust shall be deemed closed.

---

8. *Accord Grinnell Housing Dev. Fund Corp. v. Local 32B–32J,* 767 F.Supp. 63, 67 (S.D.N.Y. 1991); *Hotel, Motel, Restaurant & Hi–Rise Employees, Local 355 v. Fontainebleau Hotel Corp.,* 423 F.Supp. 83, 85 (S.D.Fla.1976); *c.f. In re A.H. Robins Co., Inc. (Smith–Kingcade v. Dalkon Shield Claimants Trust),* 205 B.R. 774 (E.D.Va. 1997) (claimant not entitled to have ADR decision set aside on basis of referee's untimely decision absent showing of prejudice by moving party).