**In re A.H. ROBINS COMPANY, INC., Debtor.**

**Mary KINNAVANE, Movant,**

v.

**DALKON SHIELD CLAIMANTS TRUST, Respondent.**

**Bankruptcy No. 85–01307–R.**

United States District Court, E.D. Virginia, Richmond Division.

March 19, 1998.

---

Mary Kinnavane, Clare, Ireland, Pro se.

Orran Lee Brown, Richmond, VA, for Dalkon Shield Claimants Trust.

### MEMORANDUM OPINION

BLACKWELL N. SHELLEY,
Bankruptcy Judge.

On May 22, 1997, a hearing was conducted in Dublin, Ireland, before Referee Nancy Hutt on the claim of the Movant that she had suffered uncontrolled bleeding and Pelvic Inflammatory Disease ("PID") as a result of her use of the Dalkon Shield. Subsequent to that ADR Hearing, the Referee, under date of July 12, 1997, awarded the Movant the sum of $5000.00. This decision was not rendered in a timely manner as called for under the Second Amended Rules Governing Alternative Dispute Resolution. Rule 13 provides as follows: "The referee shall issue a written decision no later than fifteen calendar days after the date the ADR Hearing is closed ..."

The record reflects that at the close of the Hearing in Dublin, Ireland, the Referee announced to the parties that the instant case along with others that she had heard while in Dublin would not be decided promptly in effect because "she was traveling and would not immediately return to the United States." As a consequence, the Referee's decision was thirty-six days late. No complaint was made by the Movant during that period.

The record further reflects that a draft in the sum of $5000.00 was forwarded to the Movant on August 1, 1997. That draft was returned by the Movant, accompanied by a letter complaining that the Referee's decision had been thirty-six days late. While the untimeliness of the Referee's decisions is to be discouraged, it does not constitute grounds to set aside any such decision. *See Briggs v. Dalkon Shield Claimants Trust (In re A.H. Robins, Inc.)*, 211 B.R. 199.(E.D.Va. 1997). On October 8, 1997, the Trust forwarded a new draft of $5000.00 to the Movant. Subsequently, on or about December 4, 1997, there were two additional drafts, one in the amount of $3000.00, and the other in the amount of $1250.00 representing pro rata payments. In short, the Movant received a total sum of $9250.00 on the basis of the Referee's decision on her claim. All drafts were cashed by Movant on or about December 17, 1997.

The motion presently before the Court was filed by Movant under date of November 13, 1997, in the form of a letter seeking an overturning of the Referee's decision because it was issued beyond the fifteen-day time requirement pursuant to the Rules.

*Bledsoe v. Dalkon Shield Claimants Trust (In re A.H. Robins, Inc.)*, 197 B.R. 550 (E.D.Va.1995), *aff'd*, 112 F.3d 160 (4th

Cir.1997), provided that relief from an ADR decision was available only under the most extreme circumstances. The Movant has presented no evidence to reflect that the untimeliness of the Referee's decision in any manner affected the award. Furthermore, she has accepted payment of that award as well as pro rata payments. In addition to the payments previously received and accepted, however, the Debtor should be entitled to the Federal post-judgment interest rate of 5.88% on the $5000.00 award for thirty-six days totaling $29.16

Based on the foregoing, the Movant's motion will be denied.