In re A.H. ROBINS COMPANY, INCORPORATED, Debtor.

Lenore Widmark, Movant,

v.

Dalkon Shield Claimants Trust, Respondent.

No. 85–01307–R.

United States District Court, E.D. Virginia, Richmond Division.

July 13, 1999.

Howard Eison, Sanders, Sanders, Block & Woycik, P.C., Mineola, NY, for the claimant.

Orran Lee Brown, Bowman and Brooke, LLP, Richmond, VA, for the Trust.

## MEMORANDUM OPINION

SPENCER, District Judge.

This matter comes before the Court on the Motion filed by Lenore Widmark (the "Claimant") to Vacate the Arbitrator's Decision (the "Motion"). The Dalkon Shield Claimants Trust (the "Trust") opposes the Motion. Upon consideration of the parties' pleadings, and after argument held on this matter on June 28, 1999, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

### I. Procedural History

#### A. Claimant's Previous Motion to Vacate

This is the second time that the Claimant has argued before the Court for vacation of an arbitration decision. The first time, in *Widmark v. Dalkon Shield Claimants Trust*, 219 B.R. 105 (E.D.Va.1998), the Claimant argued that Carol Liebman (the "Arbitrator") erred, in her decision rendered on June 9, 1997, by allowing the Trust to introduce evidence on whether the Dalkon Shield increased the risk of contracting Pelvic Inflammatory Disease ("PID") in response to the Claimant's proffer of evidence on the issue, and by finding evidence of other causes of PID in the Claimant's medical records and testimony. The Court ruled against the Claimant on both points and the Claimant appealed to the Fourth Circuit Court of Appeals.

#### B. Fourth Circuit Reversal

The Fourth Circuit reversed the Court solely because the Arbitrator failed to apply the presumption of causation analysis prescribed by the Fourth Circuit in *Reichel v. Dalkon Shield Claimants Trust*, 109 F.3d 965 (4th Cir.1997) (the "Presumption"). *See Widmark v. Dalkon Shield Claimants Trust*, 165 F.3d 17 (4th Cir. 1998) (unpublished) (*per curiam*). The sole basis for the reversal was the failure of the Arbitrator to apply the Presump-

tion; the Fourth Circuit did not rule on any other issues and noted no other errors in the Court's decision.

## C. Court's Remand Order and Reconsideration of That Order

In compliance with the Fourth Circuit's ruling, on November 18, 1998, the Court entered an Order remanding the matter to the Arbitrator for application of the Presumption to the evidence she had heard during the May 1997 arbitration hearing on the Claimant's claim. On December 4, 1998, the Claimant filed a Motion to Reconsider and Reargue the November 18 Order, contending that she was entitled to a new arbitration hearing before a new arbitrator. The Court heard oral argument on the Claimant's Motion and denied the Motion in a Memorandum Opinion and Order dated February 12, 1999, finding that there had been no fraud, corruption, or misconduct on the part of the Arbitrator which necessitated a new arbitrator and hearing. *See Widmark v. Dalkon Shield Claimants Trust*, 230 B.R. 82 (E.D.Va.1999). The Court held that the Arbitrator failed to apply the Presumption which she was not asked to apply, which she did not know was supposed to apply, and which was only made applicable to arbitration proceedings in a Fourth Circuit decision rendered on August 17, 1998, well after the Claimant's arbitration decision rendered on June 9, 1997. *See King, et al. v. Dalkon Shield Claimants Trust*, 162 F.3d 1154 (4th Cir.1998).

Pursuant to the Court's November 18 Order, the Claimant's case was remanded and on remand, the Arbitrator invited the parties to submit additional evidence; both parties declined this invitation and agreed to resubmit the case to the Arbitrator on the basis of the record created during the May 1997 hearing. The Trust filed its written submission with the Arbitrator on December 2, 1998, and the Claimant filed her submission on March 12, 1999.

## D. Arbitrator's Decision on Remand

In her decision of April 29, 1999, after carefully applying the Presumption and reviewing in detail the medical evidence before her, the Arbitrator concluded that the evidence introduced by the Trust was sufficient to rebut the Presumption. This rebuttal left the Claimant with her original burden of proving, by a preponderance of the evidence and without the benefit of any presumption, that the Dalkon Shield she had inserted in 1974 and used without interruption for nine years with no problems had caused her PID in 1983. The Claimant was unable to meet that burden as the Arbitrator found that the evidence presented, especially in light of the nine years of problem free use of the Dalkon Shield and other possible explanations for her injuries, was not sufficient to show by a preponderance of the evidence that her injuries were caused by Dalkon Shield use. Failing to carry her burden, the Claimant received no compensation.

## E. Claimant's Present Motion to Vacate

Unhappy with the Arbitrator's most recent decision, the Claimant filed the Motion to Vacate the Arbitrator's Decision with the Court on May 20, 1999. The Trust filed its Response to the Motion on June 7, 1999, and the Claimant filed her Reply to the Trust's Response on June 22, 1999. The Court heard oral argument on the Motion on June 28, 1999.

## II. Claimant's Arguments in the Motion to Vacate

### A. Brief Factual Background

The Claimant was married to William Widmark in 1969 and had a son with him. The Claimant separated from her husband in 1974 and began a life relationship with August Sasz. In approximately May of 1974, the Claimant was inserted with a Dalkon Shield. The Claimant wore the Dalkon Shield without interruption from 1974 through June of 1983 when it was removed after the development of a severe

episode of PID. The Claimant claims that she has never been diagnosed with or had any history or symptoms of any sexually transmitted disease. ("STD"). In 1986, it was determined that the Claimant had a total tubal obstruction which rendered her infertile as a result of the 1983 PID episode. The Claimant claims that she has suffered both physical and emotional trauma as a result of the PID and being rendered infertile, and that these injuries were caused by use of the Dalkon Shield.

### B. The Arbitrator Abused Her Discretion and Exceeded Her Authority By Improperly Considering Speculative Evidence of Product Defect

No evidence regarding product defect is permitted in arbitration proceedings; Arbitration Rule 32(f)(8) prohibits such evidence. The Claimant argues that the Arbitrator's allowing the Trust to submit evidence showing that the Dalkon Shield did not increase the risk of developing PID violated the rule against product defect evidence. The Trust presented such risk evidence through the testimony of one of its experts, Dr. Jones. The Claimant states that such evidence was improper because it suggested that the Dalkon Shield was a good and safe device with no problems. This evidence allowed the Trust to, in essence, offer evidence on the defectiveness of the product through the "back door" by claiming that this evidence rebutted the Presumption. The Claimant concludes that evidence of increased risk goes to the defectiveness of the product, and such evidence is inadmissible.

### C. The Arbitrator Abused Her Discretion and Exceeded Her Authority in Failing to Properly Afford the Claimant the Presumption That the Dalkon Shield Caused Her PID, as the Record is Completely Devoid of any Evidence to the Contrary

The Claimant argues that she provided the Arbitrator with sufficient evidence to prove, by a preponderance of the evidence, that the Dalkon Shield caused her injuries. There is no doubt that the Presumption applies in this arbitration proceeding because PID is one of the injuries listed in Exhibit A of the Claims Resolution Facility (the "CRF") which brings the Presumption into play. The Claimant argues that the Trust's raising the possibility of chlamydia, in addition to their citing nine years of problem free use of the Dalkon Shield, is insufficient to rebut the Presumption. The Claimant contends that the relevant case law requires strong and conclusive evidence to rebut the Presumption and that the Trust only presented speculative evidence. The Arbitrator's failure to enforce the Presumption mandates the reversal of her decision.

One of the Claimant's experts, Dr. Neuwalder, testified that, to a reasonable degree of medical certainty, based on his review of the Claimant's medical records and the prominent medical literature, the Dalkon Shield was a contributing causal factor of the Claimant's injuries. The Trust put on evidence to rebut the Presumption, arguing that it was more likely that the Claimant's PID was caused by an STD and not the Dalkon Shield. The Claimant argues that the Arbitrator abused her discretion and exceeded her authority by making erroneous findings of fact and by relying on these findings and evidence in concluding that the Trust successfully rebutted the Presumption.

The Arbitrator agreed with the Trust and concluded that the possibility of chlamydia or gonorrhea sufficiently rebutted the Presumption. The Claimant contends that the Trust presented not one scintilla of evidence to prove that the Claimant had an STD, and that the Arbitrator's findings are not based upon evidence in the record but are based on speculation aimed at depriving the Claimant of just compensation. The Claimant's testimony was that she only has had three sexual partners and

that none of these partners ever was diagnosed with an STD; thus, the Claimant testified that she was not at risk of contracting an STD. The Claimant argues that the Arbitrator improperly added up speculative evidence introduced by the Trust to conclude that an STD most likely caused her PID.

The Claimant also argues that the Presumption should have served as a barrier to the admission of Dr. Jones' testimony regarding the Dalkon Shield not increasing the risk of causing PID.

### D. The Arbitrator's Decision is Irrational and not Based on any Evidence in the Medical Records

The Claimant states that an arbitrator's decision must be predicated on some legally competent evidence in the record. As there was absolutely no evidence of an STD in the Claimant's medical records, the Claimant argues that the Arbitrator's decision was irrational and completely lacking of any support, and that she manifestly disregarded the law and exceeded her powers in finding that there was a possible cause of the Claimant's injuries other than the Dalkon Shield. She also contends that the Arbitrator's reliance on the Trust's evidence regarding STDs is totally unfounded and beyond the bounds of rationality as there is no support for a finding of an STD in the Claimant's medical records. The Claimant concludes that the Arbitrator's decision was not predicated on any evidence in the record.

### E. The Arbitrator's Decision is Biased as the Record is Completely Devoid of any Evidence to Support her Findings and Decision

Based upon the record and the evidence presented to the Arbitrator, the Claimant argues that the only rational basis for her decision is that she was biased against the Claimant. The Claimant notes that this is the second time that the Arbitrator has denied the Claimant compensation for her injuries. The Arbitrator noted in her most recent decision that "this is a very close case." The Claimant disagrees with this contention as the Trust presented no conclusive evidence to rebut the Presumption. For the Arbitrator to consider this case as being close, and then to consider impermissible evidence of product defect and make findings based on speculative evidence, clearly demonstrates that the Arbitrator was biased against the Claimant.

### F. Relief Requested in the Motion to Vacate

The Claimant requests that the Arbitrator's decision be vacated in its entirety, that a judgment be entered in favor of the Claimant, and that the action be remanded to a new arbitrator for an appropriate reward, together with such other and further relief as the Court may deem just and proper.

### III. Trust's Response to the Motion to Vacate

### A. The Arbitrator Did Not Abuse Her Discretion or Exceed Her Authority in Admitting Certain Evidence

The Trust contends that the Arbitrator properly allowed Dr. Jones to testify that the Dalkon Shield did not increase the risk of causing PID. His testimony on this subject occupied fewer than 10 pages out of 363, and came in response to Dr. Neuwalder's testimony that the Dalkon Shield elevated the risk of PID generally. The Trust contends that Dr. Jones' testimony concerned causation and had nothing to do with product defect. The parties are allowed to submit evidence in support of their respective positions on causation, and whether or not there is a higher incidence of PID among Dalkon Shield users is such relevant causation evidence. The Trust also contends that the Fourth Circuit has already ruled on this issue in favor of the Trust when it decided the Claimant's first Motion to Vacate. The Trust argues that the Fourth Circuit reversed the District Court only on the Presumption and af-

firmed the District Court on all other issues, including this evidentiary question. Thus, the "law of the case" doctrine precludes any relitigation of this issue because when an appellate court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.

In addition, the Trust argues that the Claimant is simply unhappy with the evidentiary ruling, and that mere disagreement with an evidentiary ruling is not an adequate ground for vacating the decision. The arbitrator is the judge of the admissibility of all of the evidence, and there has been no showing by the Claimant that the Arbitrator abused her discretion by admitting this causation evidence. The Arbitrator also did not violate the Presumption by admitting this evidence; she correctly allowed the Trust's expert to address the same causation issue addressed by the Claimant's expert.

### B. The Arbitrator Did Not Engage in Misconduct or Exceed Her Powers In Her Application of the Presumption

The Trust argues that the Arbitrator properly applied the Presumption. The Claimant established the Presumption, and the burden shifted to the Trust to rebut the Presumption. The Arbitrator found that the following items of evidence successfully rebutted the Presumption: the Claimant's problem free use of the Dalkon Shield for nine years prior to her PID; medical literature indicating no increased risk of PID as a result of using the Dalkon Shield; the Claimant's 1983 symptoms in the medical records which are indicative of gonorrhea and chlamydia; the Claimant's PID began at a point in her menstrual cycle when STDs usually manifest themselves; the Claimant's physician was suspicious of an STD in 1983 and ordered a culture for gonorrhea; gonorrhea cultures performed at a doctor's office have a high false negative rate, so the Claimant's negative result did not rule out the disease;

chlamydia was not ruled out as a cause of the Claimant's PID in 1983; chlamydia can persist in both women and men for many years undetected; and the Claimant saw her doctor in 1970 and complained of symptoms consistent with PID.

The Trust argues that all of these items of evidence, taken together, successfully rebutted the Presumption and left the Claimant with her original burden of proving by a preponderance of the evidence that the Dalkon Shield caused her injury. The Arbitrator properly applied the Presumption, concluded that the Trust rebutted it, and ultimately concluded that the Claimant failed to carry her burden. The Presumption only calls for the Trust to come up with evidence of other explanations for the injury, not affirmatively prove that the Claimant had an STD as the Claimant argues. The Claimant's disagreement with the Arbitrator's application of the Presumption stems from her confusion regarding her burden of proof. The Trust concludes that the Arbitrator properly applied the Presumption, and contends that the Claimant's disagreement with its application is not an appropriate ground for judicial review.

### C. The Arbitrator's Decision is Rational and is Based on the Evidence

The Trust contends that the Claimant simply cannot accept the Arbitrator's conclusion that the evidence was not sufficient to prove that the Dalkon Shield caused her injuries. The Claimant cannot see how anyone, including the Arbitrator, can view the evidence differently than how she sees it. The Claimant strongly disagrees with the decision, but again, mere disagreement is not a sufficient ground for vacation. Whether the evidence offered is sufficient to carry the claimant's burden of proof is for the arbitrator to decide and not the courts. The Trust submits that there was plenty of evidence in the record to support the Arbitrator's conclusions.

## D. The Arbitrator is Not Biased Against the Claimant

The Trust argues that the Claimant is simply unhappy with the decision and that the Claimant cannot point to any bias against her on the part of the Arbitrator. The Claimant has made no demonstration of bias and such bias cannot be deduced from the fact that the Arbitrator did not decide the case in her favor. The Claimant accuses the Arbitrator of bias solely because she reached a conclusion different from the one the Claimant desired. The Trust submits that such an accusation is not a sufficient ground for judicial vacation or reversal.

## E. The Claimant Cannot Obtain the Relief Sought

The Claimant asks for vacation, for entry of a judgment in her favor, and for remand to a new arbitrator for an appropriate reward. Even if the Court found that there were sufficient grounds for vacation of the Arbitrator's decision, the Trust contends that the Court could not enter judgment in the Claimant's favor on the liability issue. The most the Court can do upon judicial reversal of an arbitration decision, under Arbitration Rule 44, is remand the case for a new arbitration hearing. The Court cannot substitute its judgment for that of the Arbitrator and cannot make findings as to liability.

## IV. Claimant's Reply to the Trust's Response

The Claimant's only new argument here regards the interpretation of the Fourth Circuit's reversal in this matter. The Fourth Circuit reversed the District Court and remanded the case to the Arbitrator for consideration of the Presumption; the Fourth Circuit did not address any other issues. The Claimant argues that the only implications which can be drawn from this decision are that not only did the Arbitrator fail to apply the Presumption, but also that there existed no evidence or facts in the record to rebut the Presumption. The Claimant argues that failure to apply the Presumption would not have required a remand had the Fourth Circuit determined that sufficient facts or evidence were presented to the Arbitrator to rebut the Presumption. Thus, the Claimant concludes that she was entitled to a favorable decision on remand because of the Presumption as the Trust had failed to present sufficient facts to rebut it.

## CONCLUSIONS OF LAW

### I. Standard of Review for Motions to Vacate

 To vacate an arbitrator's decision on a Dalkon Shield claim, a movant must prove at least one of the four grounds listed in Arbitration Rule 44(a):

1. The decision was procured by corruption, fraud or undue means.

2. The arbitrator was biased or corrupt.

3. The arbitrator was guilty of abuse of discretion in refusing to postpone the hearing, refusing to admit competent and relevant evidence or engaging in misconduct that prejudiced the moving party.

4. The arbitrator exceeded his or her powers, or so exercised them such that he or she failed to make a final, definite, and unambiguous decision.

FIRST AMENDED ARBITRATION RULE 44(a). An arbitrator's decision may also be vacated "where the arbitrator acted in manifest disregard of the law." *See O'Connor v. Dalkon Shield Claimants Trust,* 158 B.R. 640, 642 (Bankr.E.D.Va. 1993). The Court grants the arbitrator substantial deference on review. *See Germany v. Dalkon Shield Claimants Trust,* 197 B.R. 525, 527 (E.D.Va.1995). In fact, the level of abidance is thought to parallel that of extreme deference. *See O'Connor,* 158 B.R. at 642. The Court may not vacate a decision simply because, given the specific facts, it does not agree with the arbitrator's conclusions. A reviewing

court generally is not to reconsider the arguments and evidence proffered at the hearing; rather, its role is limited to determining whether the arbitration process itself was flawed. *See Germany,* 197 B.R. at 527. The Court will not overturn every stone when reviewing the arbitration process; it will simply determine whether the arbitrator did the job he or she was told to do—not whether he or she did it well, or correctly, or reasonably, but simply whether he or she did it. *Id.* at 529.

The Court has addressed the grounds for judicial review of an arbitrator's decision many times. In *O'Connor,* the Court explained:

> The standard of review for arbitration decisions is extremely deferential. Courts may vacate the award only upon a showing of one of the grounds listed in the Arbitration Act, or if the arbitrator acted in manifest disregard of the law. An arbitration decision is enforceable even when based on a misinterpretation of the law, faulty legal reasoning, or erroneous legal conclusions, and may be reversed only when the arbitrator correctly understands and states the law but proceeds to disregard it.

158 B.R. at 642. This narrow scope of judicial review is necessary to accord to the arbitration process a degree of finality and to keep it from becoming only an advisory proceeding. The Court will not overturn an arbitration decision merely because the Court would have reached a different conclusion if presented with the same facts. *See MacLeod v. Dalkon Shield Claimants Trust,* 213 B.R. 468, 470 (E.D.Va.1997)

With this standard of review in mind, each of the Claimant's arguments will be addressed.

## II. The Arbitrator Properly Admitted and Considered the Disputed Evidence

The Claimant argues that the Arbitrator abused her discretion, engaged in misconduct, and exceeded her authority by im-properly considering speculative evidence of product defect.

The arbitrator is "the judge of the admissibility of all evidence submitted during the hearing." *Briggs v. Dalkon Shield Claimants Trust,* 211 B.R. 199, 203 (E.D.Va.1997). To obtain any review of the Arbitrator's evidentiary decision, the Claimant must satisfy a two-prong test by showing both that: 1) the evidentiary ruling was erroneous: and 2) the error deprived her of a fundamentally fair hearing. *Id.* The Claimant has not carried her burden here. The disputed evidence is the testimony of Dr. Jones, one of the Trust's experts, who opined that the Dalkon Shield did not increase the risk of causing PID. Such testimony was in response to the Claimant's expert testimony (Dr. Neuwalder) that the Dalkon Shield elevated the risk of PID generally. Allowing Dr. Jones' testimony was proper because it went directly to the causation issue, the central issue in the case, and did not go to product defect. Thus, the decision was not erroneous. In addition, the Claimant was not prejudiced nor denied a fundamentally fair hearing as a result of Dr. Jones' testimony because her own expert was allowed to opine on the same exact issue. Thus, the Arbitrator did not abuse her discretion in admitting the evidence.

The Claimant argues that the Arbitrator's allowance of Dr. Jones' testimony essentially translates into a finding that the Dalkon Shield was a safe product. This argument is without merit. The Court has reviewed the Arbitrator's most recent decision and nowhere does she state or even imply that the Dalkon Shield was a safe product. She simply found that the Claimant had not proven that the Dalkon Shield caused her injuries.

In addition, the Arbitrator did not engage in misconduct by admitting the evidence. The standard for demonstrating such misconduct has been established in several Dalkon Shield arbitration decisions. The standard is as follows:

In order for an arbitration decision to be set aside on the basis of an arbitrator's alleged misconduct, the moving party must prove that her rights have been prejudiced and that she was denied a fair hearing.

*Briggs,* 211 B.R. at 202; *see also Germany,* 197 B.R. at 529. As provided above, the Claimant's rights have not been prejudiced nor has she been denied a fair hearing as a result of Dr. Jones' testimony because her own expert was allowed to opine on the same exact issue. Thus, the Arbitrator did not engage in misconduct by admitting the evidence.

■ Finally, the Arbitrator did not exceed her authority or powers by admitting the evidence. The Court is to apply Arbitration Rule 44 in accordance with the provisions of the Federal Arbitration Act (the "FAA"), 9 U.S.C. Sections 10 through 12. Section 10(a)(4) of the FAA (formerly Section 10(d)), which deals with a claim that an arbitrator has exceeded his or her powers, mirrors Arbitration Rule 44(a)(4), also dealing with exceeding powers. Thus, to determine the standard for vacating an arbitration award based on a claim that the arbitrator has exceeded his or her powers, the Court will turn to relevant case law interpreting Section 10(a)(4) of the FAA.

The standard for exceeding powers has been laid out clearly by several courts: arbitrators do not exceed their powers unless they rule on matters outside of their proper consideration, they rule on a question not put before them, or they render a decision beyond the scope of the issues submitted for decision. *See J.A. Jones Constr. Co. v. Flakt, Inc.,* 731 F.Supp. 1061, 1064 (N.D.Ga.1990); *see also Sun Ship, Inc. v. Matson Navigation Co.,* 785 F.2d 59, 62 (3rd Cir.1986), *Raytheon Co. v. Computer Distributors, Inc.,* 632 F.Supp. 553, 558 (D.Mass.1986). The Claimant has not provided the Court with any evidence that the Arbitrator, by allowing Dr. Jones' testimony, ruled on a matter outside of her proper consideration, ruled on a question not put before her, or rendered a decision beyond the scope of the issues submitted for decision. Evidentiary challenges are properly addressed by using the two-prong test discussed above. Thus, the Arbitrator did not exceed her powers by admitting the evidence.

## III. The Arbitrator Properly Applied the Presumption

■ The Claimant argues that the Arbitrator abused her discretion in engaging in misconduct and exceeded her authority in failing to properly afford the Claimant the Presumption. This argument is meritless. It is clear from the record and from the Arbitrator's decision that the Presumption was properly applied to the facts of the case by the Arbitrator. The Arbitrator held that the Presumption applied because the Claimant's injury was listed in Exhibit A of the CRF, and thus shifted the burden to the Trust to produce evidence of alternative causes of the Claimant's PID. Finding that the Trust carried its burden, the ultimate burden was back on the Claimant to show by a preponderance of the evidence that the Dalkon Shield had caused her injuries. The Arbitrator carefully weighed the evidence and testimony and found that the Claimant had not carried her burden.

In addition, the Claimant argues that the Trust, in order to rebut the Presumption, was required to produce specific evidence showing that something other than the Dalkon Shield caused the Claimant's injuries. The Trust produced the following items of proof; the Claimant's problem free use of the Dalkon Shield for nine years prior to her PID; medical literature indicating no increased risk of PID as a result of using the Dalkon Shield; the Claimant's 1983 symptoms in the medical records which are indicative of gonorrhea and chlamydia; the Claimant's PID began at a point in her menstrual cycle when STDs usually manifest themselves; the Claimant's physician was suspicious of an STD in 1983 and ordered a culture for

gonorrhea; gonorrhea cultures performed at a doctor's office have a high false negative rate, so the Claimant's negative result did not rule out the disease; chlamydia was not ruled out as a cause of the Claimant's PID in 1983; chlamydia can persist in both women and men for many years undetected; and the Claimant saw her doctor in 1970 and complained of symptoms consistent with PID. The Claimant contends that these items of proof which the Arbitrator cited in her decision were insufficient to rebut the Presumption. The Court disagrees with the Claimant's argument.

■■■ In order to rebut the Presumption, the Trust did not have to prove that the Claimant had an STD, nor did it have to produce specific proof that something other than the Dalkon Shield caused the harm. According to the *Reichel* Court, all that is required to rebut the Presumption is "evidence which would support a finding of the non-existence of the presumed fact...." 109 F.3d at 968. The Trust produced such evidence through the items of proof, and the Arbitrator found that this proof was enough to rebut the Presumption. As provided above, the Court's review is limited to determining whether the Arbitrator did the job she was told to do, and the Court finds that the Arbitrator did her job in applying the Presumption. *See Germany*, 197 B.R. at 529. Even if the items of proof were speculative, the Arbitrator concluded that they were sufficient to rebut the Presumption, and the Court will not disturb these conclusions on review because disagreement with an arbitrator's conclusions is not one of the grounds for judicial review.

The Claimant has not provided the Court with any evidence supporting her conclusion that the Arbitrator improperly applied the Presumption. The Claimant comes close to implying that the Presumption should result in an award in her favor, and such a contention could not be further from the truth. The Claimant's logic is as follows: because the Presumption applies,

and because the Claimant suffered injuries, and because the Claimant wore the Dalkon Shield, the only conclusion which the Arbitrator could have reached is that the Dalkon Shield caused the injuries. This logic does not reflect the proper application of the Presumption. The Presumption can be rebutted, and the Arbitrator concluded that it was rebutted here along with concluding that the Claimant did not carry her ultimate burden pursuant to Arbitration Rule 35(a). Again, the Court will not disturb these conclusions on review.

The Claimant certainly has not proven that the Arbitrator engaged in misconduct or exceeded her powers in applying the Presumption. In terms of misconduct, the Claimant's rights have not been prejudiced and she was not denied a fair hearing because the Arbitrator in fact properly applied the Presumption. In terms of exceeding powers, the Arbitrator's proper application of the Presumption does not result in a finding that the Arbitrator ruled on a matter outside the scope of her consideration, ruled on a question not put before her, or rendered a decision beyond the scope of the issues submitted for decision. The Presumption was an issue properly before the Arbitrator.

■■ Therefore, the Arbitrator neither engaged in misconduct which prejudiced the Claimant nor exceeded her powers in properly applying the Presumption. There is no evidence or proof that the Presumption was improperly applied; in fact, it is clear from the record that the Presumption was applied and considered exactly the way the *Reichel* decision intended. The Claimant is simply unhappy with the result which the Arbitrator reached, and disagreement with an Arbitrator's conclusions does not constitute adequate grounds for vacating a decision. *See Germany*, 197 B.R. at 529. In addition, the Presumption was properly not used as a barrier to Dr. Jones' testimony regarding the Dalkon Shield not increasing the risk of causing PID; the Presumption

is not supposed to be used as an evidence screener. The Claimant's disagreement with the Arbitrator's decision to allow the testimony is simply an evidentiary challenge which has already been considered and rejected by the Court.

### IV. The Arbitrator Did Not Exceed Her Powers in Rendering the Decision

The Claimant argues that the Arbitrator exceeded her powers by finding facts and by issuing an irrational decision which are not based on any evidence in the medical records. Again, this argument is meritless. The Claimant ignores the standard for exceeding powers and attempts to use this basis for vacation without offering any proof. According to the standard provided above, the Claimant has presented to the Court no evidence that the Arbitrator ruled on a matter outside the scope of her consideration, ruled on a question not put before her, or rendered a decision beyond the scope of the issues submitted for a decision. The Arbitrator properly ruled on the issues presented to her and issued a complete decision pursuant to Arbitration Rule 43(d). Without any evidence of conduct beyond the scope of the Arbitrator's authority, the Claimant's argument fails.

The Claimant simply disagrees with the Arbitrator's ultimate conclusions here; unfortunately for the Claimant, such disagreement is not enough for the Court to vacate an arbitrator's decision. Disagreement with the arbitrator's factual findings and overall conclusions is not one of the grounds for vacating an arbitrator's decision in Arbitration Rule 44(a). In addition, the Court has held that disagreement with the arbitrator's weighing and interpretation of the evidence is not an appropriate ground for judicial review. *See Briggs*, 211 B.R. at 203. The Court's review is limited to determining whether the Arbitrator did the job she was told to do, not whether she did it well or reasonably or correctly, but simply whether she did it. *See Germany*, 197 B.R. at 529. The Arbitrator here properly did her job in weighing the evidence, interpreting the evidence, and reaching conclusions on the issues pursuant to Arbitration Rule 43(d).

### V. The Arbitrator is Not Biased Against the Claimant

To obtain vacation of an arbitration decision based on arbitrator bias, the movant must show a "condition of the mind which sways judgment and renders a judge unable to exercise his functions impartially in a particular case." *See Germany*, 197 B.R. at 528. The movant must present specific facts which indicate improper motives on the part of the arbitrator. *Id.* The arbitrator's partiality must be "direct, definite, and capable of demonstration rather than remote, uncertain, or speculative." *Id.* In addition, arbitrator bias against a party cannot be deduced from the mere fact that the arbitrator did not decide in the party's favor. *See Maksimuk v. Dalkon Shield Claimants Trust*, 223 B.R. 492, 495 (E.D.Va.1998).

The Claimant has provided the Court with no evidence or proof of bias on the part of the Arbitrator. The Claimant has not shown a condition of the mind which renders the Arbitrator unable to exercise her functions impartially, the Claimant has not presented any facts, and certainly not any specific facts, which indicate improper Arbitrator motives, and the Claimant has not demonstrated direct and definite partiality. The Claimant's bias allegations are remote, speculative, and uncertain, and according to the case law, such allegations are not enough to prove arbitrator bias. In making the bias argument, the Claimant points the Court to the fact that this is the second time the Arbitrator has denied her compensation. According to the case law, the fact that the Arbitrator ruled against her is not enough to prove arbitrator bias.

### VI. The Claimant is Not Entitled to Judgment

The Claimant asks for vacation, for entry of a judgment in her favor, and

for remand to a new arbitrator for an appropriate reward. Even if the Court found that there were sufficient grounds for vacation of the Arbitrator's decision, the Court could not enter judgment in the Claimant's favor on the liability issue. The most the Court can do upon judicial reversal of an arbitration decision, under Arbitration Rule 44, is remand the case for a new arbitration hearing.

### VII. The Claimant's Argument in her Reply is Unavailing

The Claimant's argument in her Reply to the Trust's Response regards the interpretation of the Fourth Circuit's reversal in this matter. The Fourth Circuit reversed the District Court and remanded the case to the Arbitrator for consideration of the Presumption; the Fourth Circuit did not address any other issues. The Claimant argues that the only implications which can be drawn from this decision are that not only did the Arbitrator fail to apply the Presumption, but also that there existed no evidence or facts in the record to rebut the Presumption. This argument misses the mark. The Fourth Circuit's decision simply found that the Arbitrator did not apply the Presumption and remanded the matter back to the Arbitrator for consideration of the Presumption. This is the only issue which the Fourth Circuit addressed. Nowhere in its opinion did the Fourth Circuit say or imply that the Trust had not presented sufficient proof to rebut the Presumption. All it said was that the Presumption had not been applied. The Court does not accept the Claimant's argument as being plausible because it simply reads too much into a decision which decided only that the Presumption had not been applied.

### CONCLUSION

The Claimant has provided the Court with no evidence or proof that any of the grounds in Arbitration Rule 44(a) exist to vacate the Arbitrator's decision. Therefore, the Court will deny the Claimant's Motion to Vacate. An appropriate Order will be entered simultaneously herewith in conformity with this Memorandum Opinion.